Louis Pechman (LP-6395)
Berke-Weiss & Pechman LLP
488 Madison Avenue
New York, New York 10022
(212) 583-9500
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
GERALD DUCHENE, on behalf of himself          :
and all others similarly situated,            :
                                              :  06 Civ. 4576 (PAC)
                          Plaintiff,          :
                                              :
         -against-                            :
                                              :  **COLLECTIVE/CLASS**
MICHAEL L. CETTA, INC., d/b/a SPARKS          :  **ACTION COMPLAINT**
STEAK HOUSE,                                  :
                          Defendant.          :
                                              :
                                              :
-------------------------------------------------------------------X

        Plaintiff Gerald Duchene ("plaintiff" or "Duchene"), by his attorneys,

Berke-Weiss & Pechman LLP, complaining of defendant Michael L. Cetta, Inc.,

d/b/a Sparks Steak House ("defendant" or "Sparks"), alleges:

                           **NATURE OF THE ACTION**

        1.      This action is brought to recover unpaid minimum wage and

unlawfully expropriated tips pursuant to the Fair Labor Standards Act, 29 U.S.C.

§ 201, *et seq*. ("FLSA"), and the New York Labor Law § 190 *et seq*. ("Labor Law").

        2.      For at least six years prior to the filing of this Complaint -- the

statute of limitations under the New York State Labor Law -- continuing to the

present, Sparks has failed to compensate its waiters at the federal and state

minimum wage, unlawfully appropriated part of plaintiff's tips, and made

unlawful deductions from plaintiff's wages.  This unlawful scheme has deprived

the waiters of Sparks of income in excess of five million dollars.

3.      Plaintiff seeks injunctive and declaratory relief against defendant's unlawful actions, compensation and credit for the difference between the hourly minimum wage and the hourly wages actually paid to plaintiff, unpaid tips, liquidated damages, interest, attorneys' fees and costs pursuant to the FLSA and Labor Law.

## JURISDICTION

4.      This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over plaintiff's claims under the New York State Labor Law pursuant to 28 U.S.C. §§ 1332 and 1367.

## VENUE

5.      Venue is proper in the Southern District of New York under 28 U.S.C. § 1391, as the location of Sparks is in the Southern District of New York.

## THE PARTIES

6.      Gerald Duchene resides at 128 Marine Avenue, Brooklyn, New York 11209.  Duchene was employed at Sparks from 1991 through November 2005.

7.       Defendant is a New York corporation which owns and operates Sparks Steak House, a restaurant located at 210 East 46th Street, New York, New York 10017.

8.      Plaintiff was defendant's employee within the meaning of the Fair Labor Standards Act and New York Labor Law, and has worked for Sparks as a waiter subject to the tip-pooling provisions of New York Labor Law and the FLSA.

## CLASS ACTION ALLEGATIONS

9.      The claims in this Complaint arising out of the Labor Law are brought by plaintiff under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class consisting of all persons who have worked as a waiter at Sparks between June 14, 2000 and the date of final judgment in this matter (the "Rule 23 Class").

10.     The employees in the Rule 23 Class are so numerous that joinder of all members is impracticable.

11.     Upon information and belief, the size of the Rule 23 Class is at least one hundred (100) people, although the precise number of such employees is unknown.  Facts supporting the calculation of that number are presently within the sole control of defendant.

12.     Defendant has acted or has refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

13.      Common questions of law and fact exist as to the Rule 23 Class that predominate over questions affecting them individually, *inter alia*, the following:

   a.   whether defendant violated Labor Law Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Parts 136 as alleged herein;

   b.   whether defendant failed to pay plaintiff and the Rule 23 Class the applicable minimum wage under the Labor Law;

   c.   whether defendant misappropriated tips from plaintiff and the Rule 23 Class;

   d.   whether defendant unlawfully promulgated and implemented the tip-pooling scheme;

e.  whether defendant's policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

f.  the nature and the extent of class-wide injury and the measure of damages for those injuries.

14.    The claims of the plaintiff are typical of the claims of the Rule 23 Class he seeks to represent.  Plaintiff and the members of the Rule 23 Class work or have worked for defendant as waiters at Sparks within the six years prior to filing.  They enjoy the same statutory rights under the New York Labor Law to be paid for all hours worked, to be paid minimum wages, and to keep the tips they earn.  Plaintiff and the members of the Rule 23 Class have sustained similar types of damages as a result of defendant's failure to comply with the New York Labor Law.

15.    Plaintiff and the Rule 23 Class Members have all been injured in that they have been uncompensated or under-compensated due to defendant's common policies, practices, and patterns.

16.    Plaintiff will fairly and adequately represent and protect the interests of the members of the Rule 23 Class.  Plaintiff has retained counsel competent and experienced in complex class actions and employment litigation. There is no conflict between the plaintiff and the Rule 23 Class Members.

17.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation.  The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of defendant's uniform policies, practices, and procedures.  Although the relative damages suffered by the individual class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.

Individual plaintiffs lack the financial resources to conduct a thorough examination of defendant's timekeeping and compensation practices and to prosecute vigorously a lawsuit against defendant to recover such damages. In addition, class action litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about defendant's practices.

18.     This action is properly maintainable as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

## COLLECTIVE ACTION ALLEGATIONS

19.     The claims in this Complaint arising out of the FLSA are brought by plaintiff on behalf of himself and similarly situated persons who have worked at Sparks since June 14, 2003 who elect to opt-in to this action (the "FLSA Collective").

20.      Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate plaintiff. There are approximately one hundred similarly situated current and former employees of Sparks who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Sparks, and are readily identifiable, and locatable through Sparks' records. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

## CLASS-WIDE ALLEGATIONS

21.     Plaintiff and the members of the Rule 23 Class and the FLSA Collective (collectively the "Class Members") have been victims of defendant's

common policy and practices that have violated their rights under the FLSA and the Labor Law by, *inter alia*, willfully denying them minimum wage, tips that they earned, and other wages.

22.     Plaintiff and Class Members are employees who all fall into the category of "tipped employees" who customarily and regularly earn more than $30.00 per month in tips and are required by defendant to participate in a tip-pooling scheme at Sparks.  29 U.S.C. § 203(t).

23.     As part of its regular business practice, defendant has intentionally, willfully, and repeatedly harmed plaintiff and the Class Members by engaging in a pattern, practice, and/or policy of violating the FLSA and the Labor Law.  This policy and pattern or practice includes, *inter alia,* the following:

    a.     denying plaintiff and Class Members tips that they earned; and

    b.     redistributing portions of the tips earned by plaintiff and Class Members to employees not entitled to tips under the FLSA or the Labor Law;

24.     Defendant has engaged in its unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and the Labor Law.

25.     Defendant's unlawful conduct has been intentional, willful, and in bad faith and has caused significant damages to plaintiff and the Class Members.

### THE TIP POOL AT SPARKS

26.     Sparks employs at any given time approximately sixty (60) waiters. Sparks has established and imposed a tip-pooling program upon its waiters, requiring them to share a percentage of their tips with other workers at the restaurant.

27.    The FLSA and the Labor Law provide that in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive, or forgo the tip credit and pay them the full hourly minimum wage.

28.    Defendant never informed plaintiff or the Class Members that it was reducing the minimum wage by a tip allowance.

29.    Defendant and its agents appropriated tips for themselves as well as for persons not eligible for tip sharing, effectively paying the wages of non-tipped employees from the tips, thereby preventing waiters from retaining tips in violation of the FLSA.

30.    At Sparks, individuals who do not fall within the category of "tipped employees" unlawfully receive an equal share of the tips pooled by the waiters.  Examples of defendant's employees who should not be participating in the tip pool include:

a.    **Hot/Cold Appetizer Expediters:** Three staff members, currently "Salko," "Jay," and "Mohammed," are responsible for preparing salads and appetizers that are subsequently brought out to the customers' tables by the waiters.  All three remain stationed in the kitchen away from customers' view, and do not take orders from customers.

b.    **Kitchen Manager/Expediter:** The kitchen manager/expediter, currently Giuseppe Vetro, coordinates the hot/cold appetizer expediters that are responsible for preparing salads and appetizers in the kitchen.  The kitchen manager does not interact with customers or leave the kitchen area during shifts.

c.    **Dessert Station Chef:** The dessert station chef, currently "Lucky," is responsible for managing the dessert station, which includes preparing desserts at a separate station completely out of the customers' view, as well as assigning the preparation of desserts to his assistant.  The dessert station chef wears a chef's uniform, and is also responsible for ordering desserts from outside contractors. The dessert station chef does not have any interaction with customers, and does not leave the dessert station area during shifts.

    d.  **Wine Cellar Master:** The wine cellar master, currently "Eugene," is responsible for buying and maintaining the restaurant's stock of wines. The wine cellar master has no interaction with customers.

    e.  **Banquet Manager:** The banquet manager, currently Nedal Velic, is responsible for coordinating and booking the restaurant's private parties. The banquet manager does not serve customers.

31.    The classifications described in paragraph 30 above do not wait on tables and they are not the recipients of customers' tips.

32.    Approximately $350,000 each year is taken out of the waiters' tip pool and unlawfully diverted to these non-tipped employees identified in paragraph 30, above.

33.    Because Sparks established an illegal tip-pooling scheme at the restaurant, it was not entitled to reduce the minimum wages of plaintiff and the Class Members by applying the tip credit allowance that is available under the FLSA and the Labor Law.

34.    In addition, Sparks' improper application of the tip credit for the Class Members deprives them of approximately $420,000 per year in minimum wages.

## THE DIVERSION OF TIPS TO BARTENDERS

35.    The bartenders at Sparks generally receive tips from customers who have beverages at the bar. The bartenders, however, do not share any portion of the tips they receive at the bar with the waiters. Nonetheless, when customers who order drinks at the bar have their bar bill transferred to their table bill, an amount equal to fifteen percent of the liquor charges is remitted to the bartenders from the waiters' tip pool.

36.     Each waiter at Sparks is required to pay a three dollar ($3) flat fee each shift to the bartenders at Sparks regardless of service to customers, or service from the bar.  This flat fee is remitted to the bartenders from the waiters' tip pool.

37.     Approximately $70,000 each year is taken out of the waiters' tip pool and unlawfully diverted to the bartenders.

**FIRST CLAIM**
**Fair Labor Standards Act - Minimum Wages**
**(Brought on behalf of Plaintiff and the FLSA Collective)**

38.     Plaintiff repeats and realleges paragraphs 1 through 37 as if fully set forth herein.

39.     Sparks is an employer engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

40.     Defendant was required to pay directly to plaintiff and the FLSA Collective the applicable federal minimum wage rate.

41.     Defendant was not eligible to avail itself of the federal tipped minimum wage rate under the FLSA because, *inter alia*:

    a.  Defendant was required and failed to inform plaintiff and the FLSA Collective of the provisions of subsection 503(m) of the FLSA, 29 U.S.C. § 203(m); and

    b.  Defendant unlawfully redistributed portions of the tips received by plaintiff and the FLSA Collective to employees in positions that do not customarily and regularly receive tips, in violation of the FLSA, 29 U.S.C. § 203(m) and supporting regulations.

42.     Defendant failed to pay plaintiff and the FLSA Collective the minimum wages to which they are entitled to under the FLSA.  29 U.S.C. § 206.

43.     As a result of Defendant's violations of the FLSA, plaintiff and the FLSA Collective have suffered damages by being denied minimum wages in

accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

44.    Defendant was aware or should have been aware that the practices described in this Complaint were unlawful and has not made a good faith effort to comply with the FLSA with respect to the compensation of plaintiff and the FLSA Collective.

**SECOND CLAIM**
**New York Labor Law – Unpaid Minimum Wage**
**(Brought on behalf of Plaintiff and the Rule 23 Class)**

45.    Plaintiff repeats and realleges paragraphs 1 through 44 as if fully set forth herein.

46.    Defendant was not allowed to avail itself of the Labor Law tipped minimum wage because defendant did not permit plaintiff and the Class Members to retain the entirety of their tips.

47.    Defendant failed to pay plaintiff and the Class Members the minimum wages to which they are entitled under the Labor Law.

48.    Defendant has willfully violated Labor Law by knowingly and intentionally failing to pay the plaintiff and the members of the Rule 23 Class minimum hourly wages, making defendant ineligible for the tip credit.

49.    Due to defendant's violations of the Labor Law, plaintiff and the members of the Rule 23 Class are entitled to recover their unpaid wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## THIRD CLAIM
### New York Labor Law - Unlawful Deductions
### (Brought on Behalf of Plaintiff and the Rule 23 Class)

50.     Plaintiff repeats and realleges paragraphs 1 through 49 as if fully set forth herein.

51.     New York State Labor Law § 196-d prohibits any employer or his agents, including managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity of any charge purported to be a gratuity for an employee.

52.     Defendant unlawfully redistributed tips from its waiters with the bartenders and other non-tipped employees, including management staff.

53.     Defendant's knowing and intentional demand and retention of a portion of the waiters' tips were willful violations of the Labor Law and supporting Department of Labor Regulations.

54.     Due to defendant's willful violations of the Labor Law, plaintiff and the class members are entitled to recover from defendant their unpaid wages, reasonable attorneys' fees, and pre-judgment and post-judgment interest.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff on behalf of himself and all employees similarly situated who join in this action, respectfully requests that this Court enter a judgment:

a.     to authorize the issuance of notice at the earliest possible time to all Sparks Steak House employees who were employed by defendant during the six years immediately preceding the filing of this action.  This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit;

b.     to declare that defendant has violated the tip pool provisions of the FLSA, 29 U.S.C. §206, as to the plaintiffs and persons similarly situated;

11

c.    to declare that defendant's violations of the FLSA were willful;

d.    to disgorge the amount of the tip credit deducted from the wages of plaintiff, the Class Members, and other similarly situated present and former employees;

e.    to award plaintiff, Class Members, and other similarly situated present and former employees, damages for the difference between the full hourly wage as mandated by section 6(a)(1) of the FLSA, and the hourly wages actually paid to the plaintiff and Class Members for the hours they worked;

f.    to award plaintiff, Class Members, and other similarly situated present and former employees, damages for unpaid wages, and tips which were unlawfully directed to non-waiters at Sparks;

g.    to award plaintiff, Class Members, and other similarly situated present and former employees liquidated damages in an amount equal to twice the total amount of the wages found to be due, pursuant to 29 U.S.C. §§ 216 and 260 (but plaintiff does not seek liquidated damages under the Labor Law);

h.    if liquidated damages are not awarded, then the court should award, in the alternative, prejudgment interest;

i.    to make the same declarations and awards as prayed for in paragraphs a-h above as to all persons who opt into this action pursuant to 29 U.S.C. § 216(b); and

j.    to award plaintiff, Class Members, and other similarly situated present and former employees reasonable attorneys fees' and costs pursuant to 29 U.S.C. § 216(b) and New York Labor Law § 198.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury in this action.

Dated:     New York, New York
           June 14, 2006

                                        BERKE-WEISS & PECHMAN LLP


                                        By:      s/
                                                _____
                                                Louis Pechman (LP-6395)
                                                488 Madison Avenue - 11th Floor
                                                New York, New York 10022
                                                (212) 583-9500
                                                Attorneys for Plaintiff