Laurie Berke-Weiss (LBW-3445)
Louis Pechman (LP-6395)
Berke-Weiss & Pechman LLP
488 Madison Avenue
New York, New York 10022
(212) 583-9500
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
GERALD DUCHENE, SCOT BERENSON, MARIAN :
BOCRIS, HUSEIN BRACIC, GABY CUCU, JOSE :
DAFRAGA, PJETROVIC DAMIR, DANIEL DURDEK :
OMAR EBIED, NARI FERREIRA, SALAH HELAL, :
SEAD HOT, ALI KASMI, LADISLAV KULISEK, :
FADIL KURMEMOVIC, MARIN MESIC, JOSE :
MONGE, EDELMIRO MORENO, SAMMY :
MUSOVIC, LAURENCE O'NEILL, IVAN PAVICIC, :  **FIRST**
SUCKO PJETROVIC, FIKRET RADONCIC, :  **AMENDED**
FAHRUDIN REDZEPAGIC, ALAETTIN SANGU, :  **COMPLAINT**
VICTOR SIMOES, DANIEL SUAREZ, BLAISE :
YAKSICK, on behalf of themselves and all others :
similarly situated, :
                                                                          :  06 Civ. 4576 (PAC)
                        Plaintiffs, :
                                                                          :
    -against- :
                                                                          :  **COLLECTIVE AND**
MICHAEL L. CETTA, INC., d/b/a SPARKS :  **CLASS ACTION**
STEAK HOUSE, :
                                                                          :
                        Defendant. :
                                                                          :
------------------------------------------------------------------------X

      Plaintiffs Gerald Duchene, Scot Berenson, Marian Bocris, Husein Bracic, Gaby Cucu, Jose Dafraga, Pjetrovic Damir, Daniel Durdek, Omar Ebied, Nari Ferreira, Salah Helal, Sead Hot, Ali Kasmi, Ladislav Kulisek, Fadil Kurmemovic, Marin Mesic, Jose Monge, Edelmiro Moreno, Sammy Musovic, Laurence O'Neill, Ivan Pavicic, Sucko Pjetrovic, Fikret Radoncic, Fahrudin Redzepagic, Alaettin Sangu, Victor Simoes, Daniel Suarez and Blaise Yaksick (collectively referred to herein as "plaintiffs"), by their attorneys, Berke-Weiss & Pechman LLP,

complaining of defendant Michael L. Cetta, Inc., d/b/a Sparks Steak House ("defendant" or "Sparks"), allege:

## NATURE OF THE ACTION

1. This action is brought to recover unpaid minimum wages and unlawfully expropriated tips pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the New York Labor Law § 190 *et seq.* ("Labor Law").

2. For at least six years prior to the filing of this Complaint -- the statute of limitations under the New York State Labor Law -- continuing to the present, Sparks has failed to compensate its waiters at the federal and state minimum wage, unlawfully appropriated part of plaintiffs' tips, and made unlawful deductions from plaintiffs' wages.

3. Plaintiffs seek injunctive and declaratory relief against defendant's unlawful actions, compensation and credit for the difference between the hourly minimum wage and the hourly wages actually paid to plaintiffs, unpaid tips, liquidated damages, interest, and attorneys' fees and costs pursuant to the FLSA and Labor Law.

## JURISDICTION

4. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over plaintiffs' claims under the New York State Labor Law pursuant to 28 U.S.C. §§ 1332 and 1367.

## VENUE

5. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391, as the location of Sparks is in the Southern District of New York.

## THE PARTIES

**Plaintiffs**

6.     Gerald Duchene ("Duchene") resides at 128 Marine Avenue, Brooklyn, New York 11209.  Duchene was employed at Sparks from on or about 1991 through November 2005.

7.     Scot Berenson ("Berenson") resides at 78 Beyers Road, Montgomery, New York 12549.  Berenson was employed at Sparks from on or about January 2001 to January 2004.

8.     Marian Bocris ("Bocris") resides at 30-69 Hobart Street, #5P, Woodside, New York 11377.  Bocris was employed at Sparks from on or about July 6, 2004 to September 26, 2005.

9.     Husein Bracic ("Bracic") resides at 60-73 Gates Avenue, #4A, Ridgewood, New York 11385.  Bracic was employed at Sparks from on or about 2000 to 2002.

10.    Gaby Cucu ("Cucu") resides at 150 37th Street, #D5, Union City, New Jersey 07087.  Cucu was employed at Sparks from on or about November 2001 to October 2005.

11.    Jose Dafraga ("Defraga") resides at 53 Mitchell Street, Belleville, New Jersey 07109.  Dafraga has been employed at Sparks from on or about August 2000 to the present.

12.    Pjetrovic Damir ("Damir") resides at 5923 57th Drive, Maspeth, New York 11378.  Damir was employed at Sparks from in or around 2000 to 2004.

13. Daniel Durdek ("Durdek") resides at 3422 Hewlett Avenue, Merrick, New York 11566. Durdek has been employed at Sparks from on or about January 10, 2005 to the present.

14. Omar Ebied ("Ebied") resides at 435 Ninth Street, Palisades Park, New Jersey 07650. Ebied was employed at Sparks from on or about December 2001 to February 2003.

15. Nari Ferreira ("Ferreira") resides at 78-08 21st Avenue, Jackson Heights, New York 11370. Ferreira was employed at Sparks from on or about October 2001 to January 2003.

16. Salah Helal ("Helal") resides at 5634 Touro Drive, Port Orange, Florida 32127. Helal was employed intermittently at Sparks from on or about October 1997 to December 2005.

17. Sead Hot ("Hot") resides at 25-66 42nd Street, #3F, Long Island City, New York 11103. Hot was employed at Sparks from on or about October 2003 to May 2006.

18. Ali Kasmi ("Kasmi") receives correspondence at P. O. Box 2151 Lenox Hill Street, New York, New York 10021. Kasmi worked at Sparks from on or about October 2002 to September 2003.

19. Ladislav Kulisek ("Kulisek") resides at 30-76 45th Street, #2RR, Astoria, New York 11103. Kulisek was employed at Sparks from in or around 2002 to 2005.

20. Fadil Kurmemovic resides at 320 82nd Street, Brooklyn, New York 11209. Kurmemovic was employed at Sparks from on or about July 2001 to October 2003.

21. Marin Mesic ("Mesic") resides at 28-24 42nd Street, #4B, Astoria, New York 11103. Mesic was employed at Sparks from on or about 1993 to 1998, and resumed working at Sparks from on or about January to December 2000.

22. Jose Monge ("Monge") resides at 2960 Decatur Avenue, #3D, Bronx, New York. Monge was employed at Sparks from on or about October 2004 to January 2005.

23. Edelmiro Moreno ("Moreno") resides at 323 East Moshulu Parkway, #4C, Bronx, New York 10467. Moreno was employed at Sparks from in or around 1999 to May 2006.

24. Sammy Musovic ("Musovic") resides at 2171 36th Street, Astoria New York 11105. Musovic was employed at Sparks from in or around 1995 to January 2005.

25. Laurence O'Neill ("O'Neill") resides at 201 East 30th Street, #55, New York, NY 10016. O'Neill was employed at Sparks from on or about September 2003 to January 2005.

26. Ivan Pavicic ("Pavicic") resides at 31-77 33rd Street, #2E, Astoria, New York 11106. Pavicic has been employed at Sparks from on or about February 2001 to the present.

27. Sucko Pjetrovic ("Pjetrovic") resides at 2685 Home Crest, L3, Brooklyn, New York 11235. Pjetrovic was employed at Sparks from in or around 2000 to 2004.

28. Fikret Radoncic ("Radoncic") resides at 25-80 44th Street, #3R, Astoria, New York 11103. Radoncic was employed at Sparks from on or about June 2000 to July 2001.

29. Fahrudin Redzepagic ("Redzepagic") resides at 56-14 68th Street, Maspeth, New York 11378. Redzepagic was employed at Sparks from on or about June 2000 to September 2004.

30. Alaettin Sangu ("Sangu") resides at 128 Hazelton Street, Ridgefield Park, New Jersey 07660. Sangu was employed at Sparks from on or about May 1, 1999 to May 1, 2006.

31. Victor Simoes ("Simoes") resides at 4 Hayes Avenue, Brick, New Jersey 08724. Simoes has been employed at Sparks from on or about May 2004 to the present.

32. Daniel Suarez ("Suarez") resides at 4 Ambassador Lane, Selden New York, 11784. Suarez was employed at Sparks from in or around 1998 to January 2002.

33. Blaise Yaksick ("Yaksick") resides at 3113 30th Street, #R1, Astoria, New York 11106. Yaksick was employed at Sparks from on or about October 15, 2002 to February 9, 2005.

34. Plaintiffs were defendant's employees within the meaning of the Fair Labor Standards Act and New York Labor Law, and have worked for Sparks as waiters subject to the tip credit provisions of New York Labor Law and the FLSA.

**Defendant**

35. Defendant is a New York corporation, which owns and operates Sparks Steak House, a restaurant located at 210 East 46th Street, New York, New York 10017.

## CLASS ACTION ALLEGATIONS

36. The claims in this Complaint arising out of the Labor Law are brought by plaintiffs under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class consisting of all persons who have worked as waiters at Sparks between June 14, 2000 and the date of final judgment in this matter (the "Rule 23 Class").

37. The employees in the Rule 23 Class are so numerous that joinder of all members is impracticable.

38. Upon information and belief, the size of the Rule 23 Class is at least one hundred (100) persons, although the precise number of such employees is unknown. Facts supporting the calculation of that number are presently within the sole control of defendant.

39. Defendant has acted or has refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

40. Common questions of law and fact exist as to the Rule 23 Class that predominate over questions affecting them individually, *inter alia*, the following:

    a. whether defendant violated Labor Law Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Parts 136 as alleged herein;

    b. whether defendant failed to pay plaintiffs and the Rule 23 Class the applicable minimum wage under the Labor Law;

    c. whether defendant misappropriated tips from plaintiffs and the Rule 23 Class;

    d. whether defendant unlawfully promulgated and implemented the tip-pooling scheme;

  e. whether defendant's policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

  f. the nature and the extent of class-wide injury and the measure of damages for those injuries.

41. The claims of the plaintiffs are typical of the claims of the Rule 23 Class they seek to represent. Plaintiffs and the members of the Rule 23 Class work or have worked for defendant as waiters at Sparks within the six years prior to filing. They enjoy the same statutory rights under the New York Labor Law to be paid for all hours worked, to be paid minimum wages, and to keep the tips they earn. Plaintiffs and the members of the Rule 23 Class have sustained similar types of damages as a result of defendant's failure to comply with the New York Labor Law.

42. Plaintiffs and the Rule 23 Class Members have all been injured in that they have been uncompensated or under-compensated due to defendant's common policies, practices, and patterns.

43. Plaintiffs will fairly and adequately represent and protect the interests of the members of the Rule 23 Class. Plaintiffs have retained counsel competent and experienced in wage and hour litigation. There is no conflict between the plaintiffs and the Rule 23 Class Members.

44. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of defendant's uniform policies, practices, and procedures. Although the relative damages suffered by the individual class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. Individual plaintiffs lack the financial resources to conduct a thorough

examination of defendant's timekeeping and compensation practices and to prosecute vigorously a lawsuit against defendant to recover such damages. In addition, class action litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about defendant's practices.

45. This action is properly maintainable as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

## COLLECTIVE ACTION ALLEGATIONS

46. The claims in this Complaint arising out of the FLSA are brought by plaintiffs on behalf of themselves and similarly situated persons who have worked at Sparks since June 14, 2003 who elect to opt-in to this action (the "FLSA Collective").

47. Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate plaintiffs. There are over one hundred similarly situated current and former employees of Sparks who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Sparks, and are readily identifiable, and locatable through Sparks' records. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

## CLASS-WIDE ALLEGATIONS

48. Plaintiffs and the members of the Rule 23 Class and the FLSA Collective (collectively the "Class Members") have been victims of defendant's common policy and practices that have violated their rights under the FLSA and

the Labor Law by, *inter alia*, willfully denying them minimum wage, tips that they earned, and other wages.

49.    Plaintiffs and Class Members are employees who, during their employment at Sparks, fell into the category of "tipped employees" who customarily and regularly earn more than $30.00 per month in tips and were required by defendant to participate in a tip-pooling scheme at Sparks.  29 U.S.C. § 203(t).

50.    As part of its regular business practice, defendant has intentionally, willfully, and repeatedly harmed plaintiffs and the Class Members by engaging in a pattern, practice, and/or policy of violating the FLSA and the Labor Law. This policy and pattern or practice includes, *inter alia*, the following:

   a. depriving waiters of tips that they earned;

   b. improperly taking a "tip credit" for its waiters ; and

   c. redistributing portions of the tips earned by its waiters to employees not entitled to tips under the FLSA.

51.    Defendant has engaged in its unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and the Labor Law.

52.    Defendant's unlawful conduct has been intentional, willful, and in bad faith and has caused significant damages to plaintiffs and the Class Members.

## THE TIP POOL AT SPARKS

53.    At any given time, Sparks employs at least sixty (60) waiters. Sparks has established and imposed a tip-pooling program upon its waiters,

requiring them to share a percentage of their tips with other workers at the restaurant.

54.     The FLSA and the Labor Law provide that in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive, or forgo the tip credit and pay them the full hourly minimum wage.

55.     Defendant never informed plaintiffs or the Class Members that it was reducing their minimum wage by a tip allowance.

56.     Defendant and its agents appropriated tips for themselves as well as for persons not eligible for tip sharing, effectively paying the wages of non-tipped employees from the tips, thereby preventing waiters from retaining tips in violation of the FLSA and the Labor Law.

57.     At Sparks, individuals who do not fall within the category of "tipped employees" unlawfully receive an equal share of the tips pooled by the waiters. Examples of defendant's employees who should not be participating in the tip pool include:

    a. **Hot/Cold Appetizer Expediters:** Three staff members, currently "Salko," "Jay," and "Mohammed," are responsible for preparing salads and appetizers that are subsequently brought out to the customers' tables by the waiters. All three remain stationed in the kitchen away from customers' view, and do not take orders from customers.

    b. **Kitchen Manager/Expediter:** The kitchen manager/expediter, currently Giuseppe Vetro, coordinates the hot/cold appetizer expediters that are responsible for preparing salads and appetizers in the kitchen. The kitchen manager does not interact with customers or leave the kitchen area during shifts.

    c. **Dessert Station Chef:** The dessert station chef, currently "Lucky," is responsible for managing the dessert station, which includes preparing desserts at a separate station completely out of the customers' view, as well as assigning the preparation of desserts to

11

      his assistant. The dessert station chef wears a chef's uniform, and is also responsible for ordering desserts from outside contractors. The dessert station chef does not have any interaction with customers, and does not leave the dessert station area during shifts.

    d. **Wine Cellar Master:** The wine cellar master, currently "Eugene," is responsible for buying and maintaining the restaurant's stock of wines. The wine cellar master has no interaction with customers.

    e. **Banquet Manager:** The banquet manager, currently Nedal Velic, is responsible for coordinating and booking the restaurant's private parties. The banquet manager does not serve customers.

58.     The employee classifications described in paragraph 57 above do not wait on tables and they are not the recipients of customers' tips.

59.     By these and other acts, defendant has taken gratuities belonging to the waiters and unlawfully diverted them to employees who are not entitled to share in the tip pool at Sparks.

60.     Because defendant established an illegal tip-pooling scheme at its restaurant, it was not entitled to reduce the minimum wages of plaintiffs and the other waiters employed at Sparks by applying the tip credit allowance that is available under the FLSA and the Labor Law.

61.     Defendant's improper application of the tip credit deprives plaintiffs and other waiters employed at Sparks of their statutory minimum wage under the FLSA and the Labor Law.

### THE DIVERSION OF TIPS TO BARTENDERS

62.     The bartenders at Sparks generally receive tips from customers who have beverages at the bar. The bartenders, however, do not share any portion of the tips they receive at the bar with the waiters. Nonetheless, when customers who order drinks at the bar have their bar bill transferred to their

table bill, an amount equal to fifteen percent of the liquor charges is remitted to the bartenders from the waiters' tip pool.

63.  Each waiter at Sparks is required to pay a three dollar ($3) flat fee each shift to the bartenders at Sparks regardless of service to customers, or service from the bar.  This flat fee is remitted to the bartenders from the waiters' tip pool.

64.  By these and other acts, gratuities earned by the waiters are taken out of the waiters' tip pool and unlawfully diverted to the bartenders.

**FIRST CLAIM**
**Fair Labor Standards Act – Unpaid Minimum Wage**
**(Brought on behalf of Plaintiffs and the FLSA Collective)**

65.  Plaintiffs repeat and reallege paragraphs 1 through 64 as if fully set forth herein.

66.  Sparks is an employer engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

67.  Defendant was required to pay directly to plaintiffs and the FLSA Collective the applicable federal minimum wage rate.

68.  Defendant was not eligible to avail itself of the federal tipped minimum wage rate under the FLSA because, *inter alia*:

  a. Defendant was required and failed to inform plaintiffs and the FLSA Collective of the provisions of subsection 503(m) of the FLSA, 29 U.S.C. § 203(m); and

  b. Defendant unlawfully redistributed portions of the tips received by plaintiffs and the FLSA Collective to employees in positions that do not customarily and regularly receive tips, in violation of the FLSA, 29 U.S.C. § 203(m) and supporting regulations.

69.  Defendant failed to pay plaintiffs and the FLSA Collective the minimum wages to which they are entitled to under the FLSA.  29 U.S.C. § 206.

70. Defendant was aware or should have been aware that the practices described in this Complaint were unlawful and has not made a good faith effort to comply with the FLSA with respect to the compensation of plaintiffs and the FLSA Collective.

71. As a result of defendant's willful violations of the FLSA, plaintiffs and the FLSA Collective have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

**SECOND CLAIM**
**New York Labor Law – Unpaid Minimum Wage**
**(Brought on behalf of Plaintiffs and the Rule 23 Class)**

72. Plaintiffs repeat and reallege paragraphs 1 through 71 as if fully set forth herein.

73. Defendant was not allowed to avail itself of the Labor Law tipped minimum wage because, *inter alia*, defendant did not permit plaintiffs and the Class Members to retain the entirety of their tips.

74. Defendant failed to pay plaintiffs and the Class Members the minimum wages to which they are entitled under the Labor Law.

75. Defendant has willfully violated Labor Law by knowingly and intentionally failing to pay the plaintiffs and the members of the Rule 23 Class minimum hourly wages.

76. As a result of defendant's willful violations of the Labor Law, plaintiffs and the members of the Rule 23 Class are entitled to recover their unpaid wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

**THIRD CLAIM**
**New York Labor Law - Unlawful Deductions**
**(Brought on Behalf of Plaintiffs and the Rule 23 Class)**

77. Plaintiffs repeat and reallege paragraphs 1 through 76 as if fully set forth herein.

78. New York State Labor Law § 196-d prohibits any employer or his agents, including managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity of any charge purported to be a gratuity for an employee.

79. Defendant unlawfully redistributed tips from its waiters with the bartenders and other non-tipped employees, including kitchen and management staff.

80. Defendant's knowing and intentional demand and retention of a portion of the waiters' tips were willful violations of the Labor Law and supporting Department of Labor Regulations.

81. As a result of defendant's willful violations of the Labor Law, plaintiffs and the class members are entitled to recover from defendant their unpaid wages, reasonable attorneys' fees, and pre-judgment and post-judgment interest.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiffs on behalf of themselves, the FLSA Collective and the Rule 23 Class, respectfully request that this Court enter a judgment:

a. to authorize the issuance of notice at the earliest possible time to all defendant's employees who were employed during the three years immediately preceding the filing of this action. This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit;

      b.    to declare that defendant has violated the tip pool provisions of the FLSA and the Labor Law;

      c.    to declare that defendant's violations of the FLSA were willful;

      d.    to disgorge from defendant and order that the defendant remit back the amount of the tip credit deducted from the wages of plaintiffs, the FLSA Collective, and the Rule 23 Class;

      e.    to award plaintiffs, the FLSA Collective, and the Rule 23 Class, damages for the difference between the full hourly wage as mandated by the FLSA and the Labor Law, and the hourly wages actually paid to the plaintiffs the FLSA Collective and the Rule 23 Class for the hours they worked;

      f.    to award plaintiffs, the FLSA Collective and the Rule 23 Class, damages for unpaid wages and tips which were unlawfully diverted to non-waiters at Sparks;

      g.    to award plaintiffs, and the FLSA Collective, liquidated damages in an amount equal to twice the total amount of the wages found to be due, pursuant to 29 U.S.C. §§ 216 and 260 (but plaintiffs do not seek liquidated damages under the Labor Law);

      h.    if liquidated damages are not awarded, then the Court should award, in the alternative, prejudgment interest;

      i.    to certify this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

      j.    to award plaintiffs, the FLSA Collective and the Rule 23 Class, reasonable attorneys fees' and costs pursuant the FLSA and the Labor Law.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiffs demand a trial by jury in this action.

Dated:   New York, New York
        August 4, 2006

                              BERKE-WEISS & PECHMAN LLP


                    By:        s/
                           Laurie Berke-Weiss (LBW-3445)
                           Louis Pechman (LP-6395)
                           488 Madison Avenue - 11th Floor
                           New York, New York 10022
                           (212) 583-9500
                           *Attorneys for Plaintiffs*