Louis Pechman (LP-6395)
Berke-Weiss & Pechman LLP
488 Madison Avenue
New York, New York 10022
(212) 583-9500
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

GERALD DUCHENE, GERARDO ALARCON,
ELSAYED ALI, JORGE HORACIO ALVAREZ,
CONSTANTIN ARAMA, ARMINDO BARATA,
SCOT BERENSON, LEO BLOKAR, MARIAN
BOCRIS, HUSEIN BRACIC, KAMAL BRAHIMI,
EDUARD BULKU, GEORGIAN CIBU, IAN
COLLINS, GABY CUCU, JOSÉ DAFRAGA,
PJETROVIC DAMIR, COSTEL DUMITRA,
DANIEL DURDEK, OMAR EBIED, MOHAMED
ELBEYALI, NERI FERREIRA, GERRY FINNEGAN,
JETON GJIDIJA, SANI HADZIBRAHIMOVIC,
SALAH HELAL, SEAD HOT, AHMED T. IBRAHIM,
ALI KASMI, MAREK KRAKOWIAK, SULEYMAN
KUCUR, LADISLAV KULISEK, FADIL
KURMEMOVIC, RACHID LAMNIJI, LOUIS
MAKHOUL, KEVIN MASON, MARIN MESIC,
IOAN MIRCICA, JOSE MONGE, EDELMIRO
MORENO, SAMMY MUSOVIC, LAURENCE
O'NEILL, IVAN PAVICIC, SUCKO PJETROVIC,
CARLOS ANIBAL PONCE, CARLOS PRADO,
SADIK PRELJVUKAJ, MIRZET PURISIC, FIKRET
RADONCIC, FAHRUDIN REDZEPAGIC,
CHRISTOPHER ROURKE, SAIED G. SALEM,
ALMIR SELIMOVIC, VICTOR SIMOES, BOGDAN
STANCIU, DANIEL SUAREZ, DIEGO SUAREZ,
ALAETTIN SUNGU, GIUSEPPE VETRO, KELMEND
VUTHI, IBRAHIM WAKIM, BLAISE YAKSICK,
CARLOS ZUFRIATEGUI, STANLEY ZUK, on behalf
of themselves and all others similarly situated,

                     Plaintiffs,

   -against-

MICHAEL L. CETTA, INC., d/b/a SPARKS
STEAK HOUSE, and MICHAEL L. CETTA,

                  Defendants.

-------------------------------------------------------------------X

06 Civ. 4576 (PAC)

**SECOND AMENDED COMPLAINT**

**COLLECTIVE AND CLASS ACTION**

Plaintiffs Gerald Duchene, Gerardo Alarcon, Elsayed Ali, Jorge Horacio Alvarez, Constantin Arama, Armindo Barata, Scot Berenson, Leo Blokar, Marian Bocris, Husein Bracic, Kamal Brahimi, Eduard Bulku, Georgian Cibu, Ian Collins, Gaby Cucu, José Dafraga, Pjetrovic Damir, Costel Dumitra, Daniel Durdek, Omar Ebied, Mohamed Elbeyali, Neri Ferreira, Gerry Finnegan, Jeton Gjidija, Sani Hadzibrahimovic, Salah Helal, Sead Hot, Ahmed T. Ibrahim, Ali Kasmi, Marek Krakowiak, Suleyman Kucur, Ladislav Kulisek, Fadil Kurmemovic, Rachid Lamniji, Louis Makhoul, Kevin Mason, Marin Mesic, Ioan Mircica, Jose Monge, Edelmiro Moreno, Sammy Musovic, Laurence O'Neill, Ivan Pavicic, Sucko Pjetrovic, Carlos Anibal Ponce, Carlos Prado, Sadik Preljvukaj, Mirzet Purisic, Fikret Radoncic, Fahrudin Redzepagic, Christopher Rourke, Saied G. Salem, Almir Selimovic, Victor Simoes, Bogdan Stanciu, Daniel Suarez, Diego Suarez, Alaettin Sungu, Giuseppe Vetro, Kelmend Vuthi, Ibrahim Wakim, Blaise Yaksick, Carlos Zufriategui, and Stanley Zuk (collectively referred to herein as "plaintiffs"), by their attorneys, Berke-Weiss & Pechman LLP, complaining of defendants Michael L. Cetta, Inc., d/b/a Sparks Steak House and Michael L. Cetta (collectively referred to herein as "defendants" or "Sparks"), allege:

## NATURE OF THE ACTION

1.    This action is brought to recover unpaid minimum wages and unlawfully expropriated tips pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the New York Labor Law § 190 *et seq.* ("NYLL").

2.    For at least six years prior to the filing of this Complaint -- the statute of limitations under the New York State Labor Law -- continuing to the present, Sparks has failed to compensate its waiters at the federal and state minimum wage, unlawfully

appropriated part of plaintiffs' tips, and made unlawful deductions from plaintiffs' wages.

3.      Plaintiffs seek injunctive and declaratory relief against defendants' unlawful actions, compensation and credit for the difference between the hourly minimum wage and the hourly wages actually paid to plaintiffs, unpaid tips, liquidated damages, interest, and attorneys' fees and costs pursuant to the FLSA and NYLL.

## JURISDICTION

4.      This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over plaintiffs' claims under the New York State Labor Law pursuant to 28 U.S.C. §§ 1332 and 1367.

## VENUE

5.      Venue is proper in the Southern District of New York under 28 U.S.C. § 1391, as the location of Sparks is in the Southern District of New York.

## THE PARTIES

**Plaintiffs**

6.      Gerald Duchene ("Duchene") resides at 128 Marine Avenue, Apartment 6K, Brooklyn, New York 11209. Duchene was employed intermittently at Sparks from on or about October 1990 through November 2005.

7.      Gerardo Alarcon ("Alarcon") resides at 143-05 41st Avenue, Apartment 2M, Flushing, New York, 11355. Alarcon has been employed at Sparks from on or about February 2000 to the present.

8.      Elsayed Ali ("Ali") resides at 25-46 Crescent Street, Astoria, New York, 11102. Ali has been employed at Sparks from on or about April 1990 to the present.

9.      Jorge Horacio Alvarez ("Alvarez") resides at 106-20 Otis Avenue, Queens, New York, 11362. Alvarez has been employed at Sparks from on or about October 1999 to the present.

10.     Constantin Arama ("Arama") resides at 61-17 Palmetto Street, Ridgewood, New York, 11385. Arama was employed at Sparks from on or about March 2005 through October 2006.

11.     Armindo Barata ("Barata") resides at 71 Westminster Drive, Yonkers, New York, 10710. Barata has been employed intermittently at Sparks from on or about January 1995 to the present.

12.     Scot Berenson ("Berenson") resides at 78 Beyers Road, Montgomery, New York, 12549. Berenson was employed at Sparks from on or about January 2002 through January 2005.

13.     Leo Blokar ("Blokar") resides at 140 East 46th Street, Apartment 7H, New York, New York, 10017. Blokar was employed at Sparks from on or about January 2001 thru October 2006.

14.     Marian Bocris ("Bocris") resides at 30-69 Hobart Street, Apartment 5P, Woodside, New York, 11377. Bocris was employed at Sparks from on or about July 2004 through October 2005.

15.     Husein Bracic ("Bracic") resides at 60-73 Gates Avenue, Apartment 4A, Ridgewood, New York, 11385. Bracic was employed at Sparks from on or about December 1997 through December 2002.

16.     Kamal Brahimi ("Brahimi") resides at 2361 129th Street, College Point, New York, 11356. Brahimi has been employed at Sparks from on or about July 1998 to the present.

17.    Eduard Bulku ("Bulku") resides at 4737 45th Street, Apartment 6A, Woodside, New York, 11377. Bulku was employed at Sparks from on or about April 2002 through December 2006.

18.    Georgian Cibu ("Cibu") resides at 440 East 81st Street, Apartment 3G, New York, New York, 10028. Cibu has been employed at Sparks from on or about April 1998 to the present.

19.    Ian Collins ("Collins") resides at 402 East 78th Street, Apartment 38, New York, 10021. Collins has been employed at Sparks from on or about May 2005 to the present.

20.    Gaby Cucu ("Cucu") resides at 150 37th Street, Apartment 5D, Union City, New Jersey, 07087. Cucu was employed at Sparks from on or about November 2001 through October 2005.

21.    José Dafraga ("Dafraga") resides at 53 Mitchell Street, Second Floor, Belleville, New Jersey 07109. Dafraga has been employed at Sparks from on or about August 2000 to the present.

22.    Pjetrovic Damir ("Damir") resides at 5923 57th Drive, Maspeth, New York, 11378. Damir was employed at Sparks from in or around 2000 through 2004.

23.    Costel Dumitra ("Dumitra") resides at 47-09 38th Street, Apartment 1, Long Island City, New York, 11101. Dumitra was employed at Sparks from on or about July 2002 through April 2006.

24.    Daniel Durdek ("Durdek") resides at 3422 Hewlett Avenue, Merrick, New York, 11566. Durdek has been employed at Sparks from on or about January 2005 to the present.

25.    Omar Ebied ("Ebied") resides at 435 Ninth Street, Palisades Park, New Jersey, 07650. Ebied was employed at Sparks from on or about October 2000 through March 2002.

26.    Mohamed Elbeyali ("Elbeyali") resides at 61-40 77th Street, Middle Village, New York, 11379. Elbeyali has been employed at Sparks from on or about June 1996 to the present.

27.    Neri Ferreira ("Ferreira") resides at 78-08 21st Avenue, Jackson Heights, New York, 11370. Ferreira was employed at Sparks from on or about October 2002 to January 2004.

28.    Gerry Finnegan ("Finnegan") resides at 38-27 52nd Street, Sunnyside, New York, 11124. Finnegan has been employed at Sparks from on or about May 1999 to the present.

29.    Jeton Gjidija ("Gjidija") resides at 1814 Radcliff Avenue, Bronx, New York, 10462. Gjidija was employed intermittently at Sparks from on or about May 2000 through March 2006.

30.    Sani Hadzibrahimovic ("Hadzibrahimovic") resides at 25-77 38th Street, Astoria, New York, 11103. Hadzibrahimovic was employed at Sparks from on or about October 2005 through March 2006.

31.    Salah Helal ("Helal") resides at 5634 Touro Drive, Port Orange, Florida, 32127. Helal was employed intermittently at Sparks from on or about April 1990 through December 2005.

32.    Sead Hot ("Hot") resides at 25-66 42nd Street, Apartment 3F, Long Island City, New York, 11103. Hot was employed at Sparks from on or about July 2001 through May 2005.

6

33.     Ahmed T. Ibrahim ("Ibrahim") resides at 8612 Grand Avenue, Apartment 2, North Bergen, New Jersey, 07047. Ibrahim has been employed at Sparks from on or about August 1997 to the present.

34.     Ali Kasmi ("Kasmi") resides at 416 East 65th Street, Apartment 3D, New York, New York, 10021. Kasmi was employed at Sparks from on or about October 2002 through September 2003.

35.     Marek Krakowiak ("Krakowiak") resides at 224 Monitor Street, Brooklyn, New York, 11222. Krakowiak has been employed at Sparks from on or about May 1998 to the present.

36.     Suleyman Kucuc ("Kucur") resides at 47-25 40th Street, Apartment 5D, Sunnyside, New York, 11104. Kucur has been employed at Sparks intermittently from on or about November 1993 to the present.

37.     Ladislav Kulisek ("Kulisek") resides at 30-76 45th Street, Apartment 2RR, Astoria, New York, 11103. Kulisek was employed at Sparks from on or about August 2001 through September 2004.

38.     Fadil Kurmemovic ("Kurmemovic") resides at 25-66 42nd Street, Apartment 3F, Long Island City, New York, 11103. Kurmemovic was employed at Sparks from on or about July 2001 through October 2003.

39.     Rachid Lamniji ("Lamniji") resides at 97-15 Horace Harding Expressway, Corona, New York, 11368. Lamniji has been employed at Sparks from on or about August 2002 to the present.

40.     Louis Makhoul ("Makhoul") is deceased. His widow resides at 7573 Downwinds Lane, Lakeworth, Florida, 33467. Makhoul was employed at Sparks from November 1998 through April 2004.

7

41.    Kevin Mason ("Mason") resides at 440 East 20th Street, New York, New York, 10009. Mason has been employed from on or about February 2000 to the present.

42.    Marin Mesic ("Mesic") resides at 28-24 42nd Street, Apartment 4B, Astoria, New York, 11103. Mesic was employed at Sparks intermittently from on or about July 1993 through December 2000.

43.    Ioan Mircica ("Mircica") resides at 69 69th Street, Guttenberg, New Jersey, 07093. Mircica has been employed at Sparks from on or about April 2000 to the present.

44.    Jose Monge ("Monge") resides at 2960 Decatur Avenue, Apartment 3D, Bronx, New York, 10458. Monge was employed at Sparks from on or about September 2004 through January 2005.

45.    Edelmiro Moreno ("Moreno") resides at 323 East Moshulu Parkway North, Apartment 4C, Bronx, New York 10467. Moreno was employed at Sparks from on or about July 1999 through June 2006.

46.    Sammy Musovic ("Musovic") resides at 2171 36th Street, Astoria, New York, 11105. Musovic was employed at Sparks from on or about August 1995 through December 2004.

47.    Laurence O'Neill ("O'Neill") resides at 201 East 30th Street, Apartment 55, New York, New York, 10016. O'Neill was employed at Sparks from on or about November 2003 through January 2005.

48.    Ivan Pavicic ("Pavicic") resides at 31-77 33rd Street, Apartment 2E, Astoria, New York, 11106. Pavicic has been employed at Sparks from on or about March 2001 to the present.

49.    Sucko Pjetrovic ("Pjetrovic") resides at 2685 Home Crest, L3, Brooklyn, New York, 11235. Pjetrovic was employed at Sparks from on or about March 2000 through May 2004.

8

50.     Carlos Anibal Ponce ("Ponce") resides at 73 Sheridan Avenue, Willstone Park, New York, 11596. Ponce has been employed at Sparks from on or about December 2001 to the present.

51.     Carlos Prado ("Prado") resides at 75 Harrison Avenue, Harrison, New York, 10528. Prado was employed at Sparks from on or about September 2002 through November 2003.

52.     Sadik Preljvukaj ("Preljvukaj") resides at 1996 Ocean Avenue, Apartment 2D, Brooklyn, New York, 11230. Preljvukaj has been employed at Sparks from on or about December 2001 to the present.

53.     Mirzet Purisic ("Purisic") resides at 24-57 32nd Street, Astoria, New York, 11102. Purisic was employed at Sparks from on or about June 2002 through May 2005.

54.     Fikret Radoncic ("Radoncic") resides at 25-80 44th Street, Apartment 3R, Astoria, New York, 11103. Radoncic was employed at Sparks from on or about June 2000 through July 2001.

55.     Fahrudin Redzepagic ("Redzepagic") resides at 56-14 68th Street, Maspeth, New York, 11378. Redzepagic was employed at Sparks from on or about June 2000 through January 2005.

56.     Christopher Rourke ("Rourke") resides at 701 West Grove Parkway, Apartment 206, Tempe, Arizona, 85283. Rourke was employed at Sparks from on or about May 2003 through July 2005.

57.     Saied G. Salem ("Salem") resides at 60-47 Fresh Pond Road, Apartment 2R, Maspeth, New York, 11378. Salem was employed at Sparks from on or about June 2001 through October 2006.

58.    Almir Selimovic ("Selimovic") resides at 24 Bennett Avenue, New York, New York, 10033. Selimovic has been employed at Sparks from on or about November 2003 to the present.

59.    Victor Simoes ("Simoes") resides at 4 Hayes Avenue, Brick, New Jersey, 08724. Simoes has been employed at Sparks from on or about April 2004 to the present.

60.    Bogdan Stanciu ("Stanciu") resides at 340 East 74th Street, Apartment 1C, New York, New York, 10021. Stanciu was employed at Sparks from on or about July 2002 through January 2004.

61.    Daniel Suarez resides at 4 Ambassador Lane, Selden, New York, 11784. Daniel Suarez was employed at Sparks from on or about November 1998 through January 2002.

62.    Diego Suarez resides at 75-22 37th Avenue, P.O. Box 326, Jackson Heights, New York, 11372. Diego Suarez has been employed intermittently at Sparks from on or about February 2001 to the present.

63.    Alaettin Sungu ("Sungu") resides at 128 Hazelton Street, Ridgefield Park, New Jersey, 07660. Sungu was employed at Sparks from on or about May 1999 through April 2006.

64.    Giuseppe Vetro ("Vetro") resides at 315 West 232 nd Street, Apartment 4D, Bronx, New York, 10463. Vetro has been employed at Sparks from on or about March 1999 to the present.

65.    Kelmend Vuthi ("Vuthi") resides at 711 2nd Avenue, Apartment 5C, New York, New York, 10016. Vuthi was employed at Sparks from on or about March 2001 through January 2007.

66.     Ibrahim Wakim ("Wakim") resides at 30 Woodland Way, Dayton, New Jersey, 08810. Wakim has been employed at Sparks from on or about June 1976 to the present.

67.     Blaise Yaksick ("Yaksick") resides at 3113 30th Street, Apartment 1-R, Astoria, New York, 11106. Yaksick was employed at Sparks from on or about November 2002 through February 2005.

68.     Carlos Zufriategui ("Zufriategui") resides at 102-17 64th Road, Apartment 6A, Forest Hills, New York, 11375. Zufriategui was employed at Sparks intermittently from on or about October 1982 through December 2006.

69.     Stanley Zuk ("Zuk") resides at 531 East 81st Street, Apartment 3A, New York, New York, 10028. Zuk has been employed at Sparks from on or about April 2004 to the present.

70.     Plaintiffs were defendants' employees within the meaning of the Fair Labor Standards Act and New York Labor Law, and have worked for Sparks as waiters subject to the tip credit provisions of the NYLL and the FLSA.

**Defendants**

71.     Defendant Michael L. Cetta, Inc., d/b/a Sparks Steak House, is a New York corporation, which owns and operates Sparks Steak House, a restaurant located at 210 East 46th Street, New York, New York 10017.

72.     Defendant Michael L. Cetta resides in Greenwich, Connecticut. He is the Owner of Sparks and is responsible for the payroll policy and tip pooling scheme at Sparks.

## CLASS ACTION ALLEGATIONS

73.     The claims in this Complaint arising out of the NYLL are brought by plaintiffs under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves

11

and a class consisting of all persons who have worked as waiters at Sparks between June 14, 2000 and the date of final judgment in this matter (the "Rule 23 Class").

74. The employees in the Rule 23 Class are so numerous that joinder of all members is impracticable.

75. Upon information and belief, the size of the Rule 23 Class is approximately two hundred (200) persons, although the precise number of such employees is unknown. Facts supporting the calculation of that number are presently within the sole control of defendants.

76. Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

77. Common questions of law and fact exist as to the Rule 23 Class that predominate over questions affecting them individually, *inter alia*, the following:

> a. whether defendants violated NYLL Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Parts 136 as alleged herein;
>
> b. whether defendants failed to pay plaintiffs and the Rule 23 Class the applicable minimum wage under the NYLL;
>
> c. whether defendants misappropriated tips from plaintiffs and the Rule 23 Class;
>
> d. whether defendants unlawfully promulgated and implemented the tip-pooling scheme;
>
> e. whether defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and
>
> f. the nature and the extent of class-wide injury and the measure of damages for those injuries.

78. The claims of the plaintiffs are typical of the claims of the Rule 23 Class they seek to represent. Plaintiffs and the members of the Rule 23 Class work or have

worked for defendants as waiters at Sparks within the six years prior to filing. They enjoy the same statutory rights under the NYLL to be paid for all hours worked, to be paid minimum wages, and to keep the tips they earn. Plaintiffs and the members of the Rule 23 Class have sustained similar types of damages as a result of defendants' failure to comply with the NYLL.

79.    Plaintiffs and the Rule 23 Class Members have all been injured in that they have been uncompensated or under-compensated due to defendants' common policies, practices, and patterns.

80.    Plaintiffs will fairly and adequately represent and protect the interests of the members of the Rule 23 Class. Plaintiffs have retained counsel competent and experienced in wage and hour litigation. There is no conflict between the plaintiffs and the Rule 23 Class Members.

81.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of defendants' uniform policies, practices, and procedures. Although the relative damages suffered by the individual class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. Individual plaintiffs lack the financial resources to conduct a thorough examination of defendants' timekeeping and compensation practices and to prosecute vigorously a lawsuit against defendants to recover such damages. In addition, class action litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about defendants' practices.

82.    This action is properly maintainable as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

## COLLECTIVE ACTION ALLEGATIONS

83.    The claims in this Complaint arising out of the FLSA are brought by plaintiffs on behalf of themselves and similarly situated persons who have worked at Sparks since June 14, 2003 who elect to opt-in to this action (the "FLSA Collective").

84.    Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate plaintiffs. There are over one hundred similarly situated current and former employees of Sparks who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Sparks, are readily identifiable, and locatable through Sparks' records. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

## CLASS-WIDE ALLEGATIONS

85.    Plaintiffs and the members of the Rule 23 Class and the FLSA Collective (collectively the "Class Members") have been victims of defendants' common policy and practices that have violated their rights under the FLSA and the Labor Law by, *inter alia*, willfully denying them minimum wage, tips that they earned, and other wages.

86.    Plaintiffs and Class Members are employees who, during their employment at Sparks, fell into the category of "tipped employees" who customarily and regularly earn more than $30.00 per month in tips and were required by defendants to participate in a tip-pooling scheme at Sparks.  29 U.S.C. § 203(t).

87.    As part of its regular business practice, defendants have intentionally, willfully, and repeatedly harmed plaintiffs and the Class Members by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice includes, *inter alia,* the following:

    a.    depriving waiters of tips that they earned;

    b.    improperly taking a "tip credit" for its waiters ; and

    c.    redistributing portions of the tips earned by its waiters to employees not entitled to tips under the FLSA and the NYLL.

88.    Defendants have engaged in its unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and the NYLL.

89.    Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant damages to plaintiffs and the Class Members.

## THE TIP POOL AT SPARKS

90.    At any given time, Sparks employs at least sixty (60) waiters. Sparks has established and imposed a tip-pooling program upon its waiters, requiring them to share a percentage of their tips with other workers at the restaurant.

91.    The FLSA and the NYLL provide that in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive, or forgo the tip credit and pay them the full hourly minimum wage.

92.    Defendants never informed plaintiffs or the Class Members that it was reducing their minimum wage by a tip allowance.

93.    Defendants and their agents appropriated tips for themselves as well as for persons not eligible for tip sharing, effectively paying the wages of non-tipped employees from the tips, thereby preventing waiters from retaining tips in violation of the FLSA and the NYLL.

94.    At Sparks, individuals who do not fall within the category of "tipped employees" unlawfully receive an equal share of the tips pooled by the waiters.

Examples of defendants' employees who should not be participating in the tip pool

include:

      a.  **Hot/Cold Appetizer Expediters:** Three staff members are responsible for preparing salads and appetizers that are subsequently brought out to the customers' tables by the waiters. All three remain stationed in the kitchen away from customers' view, and do not take orders from customers.

      b.  **Kitchen Manager/Expediter:** The kitchen manager/expediter coordinates the hot/cold appetizer expediters that are responsible for preparing salads and appetizers in the kitchen. The kitchen manager does not interact with customers or leave the kitchen area during shifts.

      c.  **Dessert Station Chef:** The dessert station chef, currently "Lucky," is responsible for managing the dessert station, which includes preparing desserts at a separate station completely out of the customers' view, as well as assigning the preparation of desserts to his assistant. The dessert station chef wears a chef's uniform, and is also responsible for ordering desserts from outside contractors. The dessert station chef does not have any interaction with customers, and does not leave the dessert station area during shifts.

      d.  **Wine Cellar Master:** The wine cellar master, currently "Eugene," is responsible for buying and maintaining the restaurant's stock of wines. The wine cellar master has no interaction with customers.

      e.  **Banquet Manager:** The banquet manager, currently Nedal Velic, is responsible for coordinating and booking the restaurant's private parties. The banquet manager does not serve customers.

95.     The employee classifications described in paragraph 94 above do not wait

on tables and they are not the recipients of customers' tips.

96.     By these and other acts, defendants have taken gratuities belonging to the

waiters and unlawfully diverted them to employees who are not entitled to share in the

tip pool at Sparks.

97.     Because defendants established an illegal tip-pooling scheme at Sparks,

they were not entitled to reduce the minimum wages of plaintiffs and the other waiters

employed at Sparks by applying the tip credit allowance that is available under the

FLSA and the NYLL.

98.    Defendants' improper application of the tip credit deprives plaintiffs and other waiters employed at Sparks of their statutory minimum wage under the FLSA and the NYLL.

## THE DIVERSION OF TIPS TO BARTENDERS

99.    The bartenders at Sparks generally receive tips from customers who have beverages at the bar.  The bartenders, however, do not share any portion of the tips they receive at the bar with the waiters.  Nonetheless, when customers who order drinks at the bar have their bar bill transferred to their table bill, an amount equal to fifteen percent of the liquor charges is remitted to the bartenders from the waiters' tip pool.

100.    Each waiter at Sparks is required to pay a three dollar ($3) flat fee each shift to the bartenders at Sparks regardless of service to customers, or service from the bar.  This flat fee is remitted to the bartenders from the waiters' tip pool.

101.    By these and other acts, gratuities earned by the waiters are taken out of the waiters' tip pool and unlawfully diverted to the bartenders.

### FIRST CLAIM
### Fair Labor Standards Act – Unpaid Minimum Wage
### (Brought on behalf of Plaintiffs and the FLSA Collective)

102.    Plaintiffs repeat and reallege paragraphs 1 through 101 as if fully set forth herein.

103.    Sparks and Michael L. Cetta are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

104.    Defendants were required to pay directly to plaintiffs and the FLSA Collective the applicable federal minimum wage rate.

105.    Defendants were not eligible to avail itself of the federal tipped minimum wage rate under the FLSA because, *inter alia*:

     a.  Defendants were required and failed to inform plaintiffs and the FLSA Collective of the provisions of subsection 503(m) of the FLSA, 29 U.S.C. § 203(m); and

     b.  Defendants unlawfully redistributed portions of the tips received by plaintiffs and the FLSA Collective to employees in positions that do not customarily and regularly receive tips, in violation of the FLSA, 29 U.S.C. § 203(m) and supporting regulations.

106.    Defendants failed to pay plaintiffs and the FLSA Collective the minimum wages to which they are entitled to under the FLSA.  29 U.S.C. § 206.

107.    Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of plaintiffs and the FLSA Collective.

108.    As a result of defendants' willful violations of the FLSA, plaintiffs and the FLSA Collective have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM
### New York Labor Law – Unpaid Minimum Wage
#### (Brought on behalf of Plaintiffs and the Rule 23 Class)

109.    Plaintiffs repeat and reallege paragraphs 1 through 108 as if fully set forth herein.

110.    At all times relevant herein, plaintiffs and the Class Members have been employees and defendants have been employers within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor Regulations, and at all times relevant, employed plaintiffs and Class Members.

111.    Defendants were not allowed to avail themselves of the NYLL tipped minimum wage because, *inter alia*, defendants did not permit plaintiffs and the Class Members to retain the entirety of their tips.

112.    Defendants failed to pay plaintiffs and the Class Members the minimum wages to which they are entitled under the NYLL.

113.    Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay the plaintiffs and the members of the Rule 23 Class minimum hourly wages.

114.    As a result of defendants' violations of the NYLL, plaintiffs and the members of the Rule 23 Class are entitled to recover their unpaid wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### THIRD CLAIM
### New York Labor Law - Unlawful Deductions
### (Brought on Behalf of Plaintiffs and the Rule 23 Class)

115.    Plaintiffs repeat and reallege paragraphs 1 through 114 as if fully set forth herein.

116.    At all times relevant herein, plaintiffs and the Class Members have been employees and defendants have been employers within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor Regulations, and at all times relevant, employed plaintiffs and Class Members.

117.    New York State Labor Law § 196-d prohibits any employer or his agents, including managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity of any charge purported to be a gratuity for an employee.

118.    Defendants unlawfully redistributed tips from their waiters with the bartenders and other non-tipped employees, including kitchen and management staff.

119.    Defendants' knowing and intentional demand and retention of a portion of the waiters' tips were willful violations of the NYLL and supporting Department of Labor Regulations.

120.    As a result of defendants' willful violations of the NYLL, plaintiffs and the Class Members are entitled to recover from defendant their unpaid wages, reasonable attorneys' fees, and pre-judgment and post-judgment interest.

### PRAYER FOR RELIEF

WHEREFORE, plaintiffs on behalf of themselves, the FLSA Collective and the Rule 23 Class, respectfully request that this Court enter a judgment:

a.    to authorize the issuance of notice at the earliest possible time to all defendants' employees who were employed during the three years immediately preceding the filing of this action. This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit;

b.    to declare that defendants have violated the tip pool provisions of the FLSA and the NYLL;

c.    to declare that defendants' violations of the FLSA were willful;

d.    to disgorge from defendants and order that the defendants remit back the amount of the tip credit deducted from the wages of plaintiffs, the FLSA Collective, and the Rule 23 Class;

e.    to award plaintiffs, the FLSA Collective, and the Rule 23 Class, damages for the difference between the full hourly wage as mandated by the FLSA and the NYLL, and the hourly wages actually paid to the plaintiffs the FLSA Collective and the Rule 23 Class for the hours they worked;

f.    to award plaintiffs, the FLSA Collective and the Rule 23 Class, damages for unpaid wages and tips which were unlawfully diverted to non-waiters at Sparks;

g.    to award plaintiffs, and the FLSA Collective, liquidated damages in an amount equal to twice the total amount of the wages found to be due, pursuant to 29 U.S.C. §§ 216 and 260 (but plaintiffs do not seek liquidated damages under the NYLL);

h.      if liquidated damages are not awarded, then the Court should award, in the alternative, prejudgment interest;

i.      to certify this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

j.      to award plaintiffs, the FLSA Collective and the Rule 23 Class, reasonable attorneys fees' and costs pursuant the FLSA and the NYLL.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiffs demand a trial by jury in this action.

Dated:    New York, New York
          February 5, 2007

BERKE-WEISS & PECHMAN LLP

By:
      Louis Pechman (LP-6395)
      488 Madison Avenue - 11th Floor
      New York, New York 10022
      (212) 583-9500
      *Attorneys for Plaintiffs*

21