UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
GERALD DUCHENE, et al., on behalf of         :
themselves and all others similarly situated, :
                        Plaintiffs,  :     06 Civ. 4576 (PAC)
                                        :     ORDER
    -against-                                   :
                                        :
MICHAEL L. CETTA, INC. d/b/a SPARKS          :
STEAK HOUSE,                                 :
                        Defendant.  :
------------------------------------------------------------x

HONORABLE PAUL A. CROTTY, United States District Judge:

Plaintiffs, current and former waiters at Defendant Sparks Steak House ("Sparks"), initiated this litigation under the Fair Labor Standards Act ("FLSA") and the New York Labor Law, alleging that Sparks unlawfully diverted a portion of their tips to other restaurant workers. On August 24, 2006, the Court ordered that the FLSA claim proceed as a collective action pursuant to Section 216(b) of the FLSA. Plaintiffs now move, pursuant to Fed.R.Civ.P. 23(b)(3), for certification of a class action, consisting of all persons who have worked as waiters at Sparks between June 14, 2000 and the date of final judgment in this proceeding. Sparks argues both that the Court should not exercise supplemental jurisdiction over the state law claims; and that the requirements for class action certification have not been met. The Court disagrees, and grants Plaintiffs' motion for class certification.

## SUPPLEMENTAL JURISDICTION

Under 28 U.S.C. § 1367(a), the Court may exercise supplemental

jurisdiction over Plaintiffs' state law claims if the state and federal claims and the FLSA claims "derive from a common nucleus of operative fact," such that the parties "would ordinarily be expected to try them all in one judicial proceeding." United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966).  Here, the state and federal claims arise out of precisely the same conduct by Defendant, and there is no indication that the state claim would predominate over the federal claim.  Moreover, similar claims have regularly been tried together by courts in this district.  See, e.g., Chan v. Triple 8 Palace, Inc., No. 03 Civ. 6048, 2006 WL 851749 (S.D.N.Y. March 30, 2006); Chung v. New Silver Palace Restaurants, Inc., 272 F.Supp.2d 314 (S.D.N.Y. 2003).  The Court therefore exercises supplemental jurisdiction over Plaintiff's state law claims.

## CLASS CERTIFICATION

To certify a class action, the court must first find that the class meets the strict requirements of numerosity, commonality, typicality, and adequacy of representation. Fed.R.Civ.P. 23(a)(1)-(4).  If so, the Court must then determine (1) whether common questions of law and fact predominate over questions affecting only individual class members, and (2) whether the class action is superior to all other methods for adjudicating the controversy. Fed.R.Civ.P. 23(b)(3).  Sparks does not dispute that the proposed class satisfies the requirements of commonality, typicality, and adequacy of representation under Rule 23(a)(2)-(4), or that common questions of law and fact predominate under Rule 23(b)(3), and the court finds these requirements to be satisfied.  The remaining issues before the Court are therefore whether the numerosity requirement is satisfied, and whether a class action is the superior adjudicatory method.

**A. Numerosity**

Sparks concedes that at present it employs 66 waiters and that more than 60 current and former employees have already joined the FLSA collective action. Sparks also does not dispute that there are more than 180 members of the proposed class. This number easily satisfies the numerosity requirement in this Circuit. See Consolidated Rail Corp. v. Town of Hyde Park, 47 F.3d 473, 483 (2d Cir. 1995) ("numerosity is presumed at a level of 40 members"); Hirschfeld v. Stone, 193 F.R.D. 175, 182 (S.D.N.Y. 2000) (certifying a class with 150 to 170 members); Adames v. Mitsubishi Bank, Ltd., 133 F.R.D. 82, 89 (S.D.N.Y. 1989) (142 class members "clearly sufficient" to satisfy requirement of numerosity).

Sparks argues that since the identities of the potential class members are known, a substantial number have already opted in to the FLSA collective action, and most are residents of the New York metropolitan area, joinder is practicable. But a number of the proposed class members now live outside the New York metropolitan area, and it is far from clear that all or most are financially capable of pursuing individual suits. Notwithstanding Sparks's contentions, the Court finds joinder impracticable and the numerosity requirement satisfied. See Robidoux v. Celani, 987 F.2d 931, 936 (2d Cir. 1993) In re Independent Energy, 210 F.R.D. 476, 479 (S.D.N.Y. 2002).

**B. Superiority**

Sparks urges that there is an emerging trend in federal courts to decline to certify state wage and hour class actions pursuant to Rule 23(b)(3). Sparks cites as the leading case, Leuthold v. Destination America, Inc. 224 F.R.D. 462 (N.D. Cal., 2004). In

3

Leuthold, the Court rejected plaintiffs' Rule 23 motion, and cited the difference between a collective action with its opt-in requirements and a class action with its opt-out requirements. Allowing a class action is said to eviscerate Congress's carefully calibrated selection of an opt-in mechanism for FLSA collective actions.

Leuthold is not applicable here. First, the court's decision seems to be based on a finding of hostility between those very few potential class members who had opted in to the FLSA collective action and the remainder who would be forced into the litigation if a class certification were permitted. That is certainly not the case here, where there is already broad participation in the collective action, which also eliminates the Leuthold court's concern that the state law class action would ultimately predominate over the FLSA collective action. Furthermore, there is no risk of confusing the potential class members, because the opt-in date for the collective action expired late in December, more than six months ago. Finally, there appears to be no sound policy reason why a New York State action should not be permitted to proceed as a class action along with the FLSA proceeding. In the last analysis, the clearly available alternative of a separate action in New York State Supreme Court would be neither efficient, nor effective.

Whatever trend Sparks may have discerned in other circuits, courts in the Second Circuit routinely certify class action in FLSA matters so that New York State and federal wage and hour claims are considered together. See, e.g., Ansoumana v. Gristede's Operating Corp., 201 F.R.D. 81 (S.D.N.Y. 2001); Realite v. Ark Restaurants Corp., 7 F. Supp. 2d 303 (S.D.N.Y. 1998). There is no good reason to depart from these precedents, especially where so many of the facts are common to both federal and state claims.

CONCLUSION

Plaintiffs' motion to certify this case as a class action under Fed.R.Civ.P. 23(b)(3) is GRANTED. Plaintiffs are to submit their proposed order concerning notice to the class members for prompt endorsement by the Court. The Clerk is directed to close out this motion.

Dated: New York, New York
       June 18, 2007

SO ORDERED

*[signature]*

PAUL A. CROTTY
United States District Judge