UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GERALD DUCHENE, et al.,

                Plaintiffs,

  -against-                                06 Civ. 4576 (PAC) (GWG)

MICHAEL CETTA, INC., d/b/a SPARKS        ECF CASE
STEAK HOUSE, and MICHAEL CETTA,

                Defendants.
------------------------------------------------------------X

**DECLARATION OF LOUIS PECHMAN IN SUPPORT OF PLAINTIFFS'
MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT**

LOUIS PECHMAN, an attorney duly admitted to practice in the Southern District of New York, declares under penalty of perjury:

    1.    I am a partner at Berke-Weiss & Pechman LLP ("BWP"), Class Counsel in this matter. This declaration is made in support of Plaintiffs' Motion for Preliminary Approval of Settlement pursuant to Federal Rule of Civil Procedure Rule 23 ("Rule 23"). I am personally familiar with the facts discussed herein and attach as exhibits hereto true and correct copies of the documents referenced within.

    2.    BWP is a law firm that represents both employees and management in a wide variety of labor and employment law issues, including claims of discrimination and harassment based on sex, race, disability, and age, retaliation, union-management issues, and wage and hour claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

    3.    I am the lawyer primarily responsible for the prosecution of plaintiffs' claims on behalf of the Rule 23 Class against Michael Cetta, Inc. d/b/a Sparks Steak House ("Sparks"), and Michael Cetta (collectively, "defendants").

**Procedural History**

4.      Before and during the litigation of this action, BWP attorneys conducted a thorough investigation into the merits of the potential claims and defenses. We met with over fifty plaintiffs to investigate the background facts necessary to prove that many of the tip pool participants did not in fact perform any direct customer service. We focused our investigation and legal research on the underlying merits of class members' claims, the damages to which they were entitled, and the propriety of class certification. In particular, we focused on learning more about the duties of Sparks employees who should not have been included in the tip pool, such as the Banquet Manager, the Wine Steward, the Kitchen Manager, kitchen "waiters" and expediters, and the dessert "waiter."

5.      Plaintiff Gerald Duchene commenced this action (the "Lawsuit") on June 14, 2006 as a class and collective action brought on behalf of all others similarly situated. As more and more waiters expressed interest in joining the Lawsuit, we conducted additional interviews and filed two amended complaints, on August 4, 2006 and February 5, 2007, which added these new plaintiffs to the caption. A copy of the Second Amended Complaint is attached hereto as Exhibit A.

6.      On August 24, 2006, the Court ordered the Lawsuit to proceed as a collective action (the "August 24, 2006 Order"), pursuant to Section 216(b) of the FLSA, on behalf of all waiters who were employed by Sparks at any time between June 14, 2003 and the date of final judgment in the proceeding. A copy of the August 24, 2006 Order is attached hereto as Exhibit B.

7.      Pursuant to the August 24, 2006 Order, we sent out notice of the collective action to the individuals identified by defendants as having worked as waiters at Sparks since June 14, 2003. The opt-in deadline for filing Consents to Sue with the

2

Court was December 26, 2006. A copy of the Notice of Lawsuit with Consent to Sue is attached hereto as Exhibit C. Ultimately, sixty-three waiters joined this lawsuit as "opt-in" plaintiffs under the FLSA.

8. On June 18, 2007, the Court granted plaintiffs' motion under Rule 23 to certify a class "consisting of all persons who have worked as waiters at Sparks between June 14, 2000 and the date of final judgment in this proceeding" (the "Rule 23 Class"). A copy of the June 18, 2007 Order is attached hereto as Exhibit D.

9. On July 30, 2007, we applied to the Court to reopen the opt-in period to allow additional waiters who had expressed an interest in the opportunity to assert their rights under the FLSA. The Court declined to reopen the time period in which Sparks waiters could opt-in to the lawsuit in a memo-endorsed letter. A copy of the July 30, 2007 letter endorsed by Judge Crotty on August 6, 2007 is attached hereto as Exhibit E.

10. On September 21, 2007, court-approved class action notices were sent out to all individuals identified by defendants as having worked as waiters at Sparks since June 14, 2000. A copy of the Notice of Class Action and Exclusion Request Form is attached hereto as Exhibit F. Two individuals, Sergio Carlet and Joanne Wejrowski, filed requests to be excluded from the class and are not bound by the terms of this Agreement. Although he filed a request for exclusion, Sergio Carlet was a bartender and was thus excluded from the Rule 23 Class and recovery in any event.

11. We have also conducted extensive investigation and prosecution of this case, including, but not limited to, interviewing dozens of class members and opt-in plaintiffs, reviewing thousands of documents, deposing Sparks' owner and managers, defending plaintiffs at their depositions, reviewing defendants' and plaintiffs' deposition transcripts, reviewing and analyzing payroll data and tip sheets, filing two

3

Amended Complaints, briefing plaintiffs' motion to certify the case as a collective action, briefing and presenting oral argument on plaintiffs' motion to certify the case as a class action, developing the factual and legal arguments in anticipation of potential summary judgment motions, and engaging in intense and detailed settlement negotiations with defendants. To date, we have expended approximately fifteen hundred hours in prosecuting this case, and will continue to invest many additional hours in bringing this matter to a satisfactory resolution.

12. Two of the named plaintiffs, Gerald Duchene and Ibrahim Wakim, have dedicated many hours of their time to ensuring the success of this case, by communicating with other potential plaintiffs and class members, assisting in fact-gathering, and reviewing court filings for completeness and factual accuracy. I have exchanged hundreds of telephone calls and emails with Duchene, who often served as an intermediary with Sparks waiters who had questions about the Lawsuit. Moreover, because of the publicity garnered by the Lawsuit, Duchene – who was unemployed at the time it was filed – faced difficulty in finding new restaurant employment. Indeed, it took Duchene several months to find a job after the filing of the Lawsuit. Ibrahim Wakim, who was working as a waiter at Sparks through the course of this litigation, also stayed in regular contact with me and jeopardized his employment with Sparks in order to keep me informed and help prosecute the Lawsuit. In sum, Duchene and Wakim played a crucial role in ensuring that I was kept apprised of events occurring at Sparks with regard to the claims in the Lawsuit. Duchene and Wakim also attended depositions of defendants' representatives, and they themselves were deposed by defendants. In recognition of the efforts of Duchene and Wakim, we will move this Court for approval at the Fairness Hearing, of service payments in the amounts of $25,000 for Duchene and $10,000 for Wakim.

13. Sparks has subsequently modified its policies so that tips are now distributed only to tipped employees who provide direct customer service, and efforts were made to integrate kitchen waiters into the dining room and to discontinue other employees' participation in the tip pool. These actions effectively ended the accrual of potential liability under the FLSA and the NYLL as of December 2008.

**Settlement Negotiations**

14. In the fall of 2008, we retained, jointly with defendants, Norman Bromberg, former District Director of the U.S. Department of Labor's Wage and Hour Division, New York District Office, to provide an objective expert analysis of the claims. Taking into account Mr. Bromberg's assessment of the strengths and weaknesses of each of the claims in the Lawsuit, along with the discovery made in earlier stages of this litigation, we agreed with defendants on a framework for resolving the case. A copy of the Affidavit of Norman Bromberg is attached hereto as Exhibit G.

15. After reaching a settlement in principle, the parties continued to discuss the details and various aspects of the Settlement. The parties participated in a settlement conference under the supervision of Magistrate Judge Gabriel Gorenstein at which further details of the settlement were agreed to.

16. On April 6, 2009 and April 8, 2009, the parties signed the Joint Stipulation of Settlement and Release (the "Settlement Agreement"). A copy of the Settlement Agreement is attached hereto as Exhibit H.

17. The settlement between the parties totals $3,150,000. The NYLL damages distributed to the Rule 23 Class Members total $2,228,607.53, which has been divided into Annual Supplemental Tip Pools based on the amount of tips which had been taken out of the tip pool for certain non-waitstaff employees of Sparks for each year of the statute of limitations period, dating back to June 14, 2000. The defendants have

disgorged the full value of tips taken from the tip pool for those employees against whom plaintiffs have stronger claims, and half the value of tips taken for the wine steward and the banquet manager, who each performed a combination of managerial and service roles, and against whom plaintiffs may have weaker claims. Each Annual Supplemental Tip Pool will be allocated proportionally to members of the Rule 23 Class based upon a formula which divides the pool by the total hours worked by the Rule 23 Class for that year, then multiplied by the number of hours worked by each Class Member during that year.

18.   The FLSA damages distributed to the opt-in plaintiffs will total $921,391.92. Each FLSA opt-in plaintiff shall receive the tip credit that was taken by Sparks for the period for which they are covered under the FLSA statute of limitations, plus liquidated (double) damages.[1] This represents full recovery under the FLSA.

19.   This settlement is consistent with other recent settlements in wage and hour cases brought against comparable New York City restaurants. Here, the average individual settlement award is $15,594.81 (less attorneys' fees). Even after deducting the proposed attorneys' fees, there are more than forty Rule 23 Class Members who will receive settlement amounts greater than $20,000.

20.   A Proposed Order granting preliminary approval of the Settlement, approving the proposed Notice of Class Action Settlement, and authorizing notice to the Rule 23 Class is attached hereto as Exhibit I.

---

[1] Specifically, for purposes of this settlement, the statutory tip credit to be applied to the FLSA damage calculation shall be a tip credit of $1.85 per hour between June 21, 2001 and December 31, 2004; $1.30 per hour between January 1, 2005 and December 31, 2005; $0.80 per hour between January 1, 2006 and December 31, 2006; $0.55 per hour between January 1, 2007 and July 23, 2007; $1.25 between July 24, 2007 and July 23, 2008; and $1.95 between July 24, 2008 and December 31, 2008.

**The Reaction of the Class to the Settlement Has Been Positive**

21.     There are 201 Rule 23 Class Members. Although notice of the Settlement has not yet issued to the Rule 23 Class, I have spoken to over thirty Rule 23 Class Members, and they have generally reacted positively to the Settlement. However, the Court may weigh the Rule 23 Class Members' reactions more fully after Notice has been issued.

22.     The Rule 23 Class Members have told me they are particularly anxious for a settlement to conclude in this action because of their concerns arising out of the ongoing economic downturn. Several plaintiffs have informed me that the restaurant's profits could be affected, and they are receiving lower tips from customers. Likewise, defendants have claimed that the financial crisis has placed stress on the restaurant, as is the case with many high end New York City restaurants.

I declare under penalty of perjury, under 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated:  New York, New York
        May 21, 2009

Louis Pechman (LP-6395)