# EXHIBIT H

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

GERALD DUCHENE, et al.,

                    Plaintiffs,

    -against-

MICHAEL CETTA, INC., d/b/a SPARKS
STEAK HOUSE, and MICHAEL CETTA,

                  Defendants.

------------------------------------------------------------X

06 Civ. 4576 (PAC) (GWG)

**JOINT STIPULATION OF
SETTLEMENT AND
RELEASE**

**ECF CASE**

      This Joint Stipulation of Settlement and Release, including all Exhibits annexed hereto (collectively, the "Agreement"), is entered into by and between plaintiffs and the class of individuals that they represent, and defendants Michael Cetta, Inc., d/b/a Sparks Steak House and Michael Cetta (hereinafter, "Sparks" or "defendants").

## BACKGROUND

**Procedural Background**

      On June 14, 2006, plaintiff Gerald Duchene filed a collective action and a class action Complaint in the Southern District of New York, *Gerald Duchene v. Michael Cetta, Inc., d/b/a Sparks Steak House, and Michael Cetta,* Case No. 06 Civ. 4576 (PAC) (GWG) (the "Lawsuit"). A First Amended Complaint was filed on August 4, 2006. A Second Amended Complaint was filed on February 5, 2007.

      The Lawsuit asserted class claims under the New York Labor Law ("NYLL") and collective claims under the Fair Labor Standards Act ("FLSA") alleging that defendants failed to properly compensate plaintiffs at the federal and state minimum wage by improperly taking a "tip credit" while not permitting its waiters to retain the entirety of their tips. In addition, the Lawsuit alleged that Sparks unlawfully deducted and distributed the tips of waiters to other non-tipped employees and non-waiters (*e.g.* banquet manager, kitchen manager, wine cellar master, appetizer expediters, and bartenders). The plaintiffs sought recovery of, among other things, misappropriated tips, unpaid wages, liquidated damages, pre-judgment interest, post-judgment interest, and attorneys' fees and costs, as well as injunctive and declaratory relief under the NYLL and FLSA.

      Defendants denied and continue to deny all of the allegations made by plaintiffs in the Lawsuit and have denied and continue to deny that they are liable or owe damages to anyone with respect to the alleged facts or causes of action asserted in the Lawsuit.

      On August 24, 2006 the Court, by Order of Judge Crotty, ordered the Lawsuit to proceed as a collective action, pursuant to Section 216(b) of the FLSA, on behalf of

EXHIBIT H

waiters who were employed by Sparks at any time between June 14, 2003 and the date of final judgment in this proceeding. Pursuant to that Order, notice was sent out to individuals. The opt-in deadline for filing Consents to Sue with the Court was December 26, 2006.

On June 18, 2007, the Court granted plaintiffs' motion under Rule 23 to certify a class "consisting of all persons who have worked as waiters at Sparks between June 14, 2000 and the date of final judgment in this proceeding" (the "Rule 23 Class").

On August 6, 2007, in a memo-endorsed letter, the Court denied plaintiffs' application for 90 additional days to opt in to the FLSA case.

On September 21, 2007, class action notices approved by the Court were sent out to all members of the Rule 23 Class. Two individuals, Sergio Carlet and Joanne Wejrowski, filed requests to be excluded from the class and are not bound by the terms of this Agreement.[1]

Sparks subsequently modified its policies so that tips are now distributed only to tipped employees who provide customer service, effectively ending the accrual of potential liability under the FLSA and the NYLL as of December 2008.

## Discovery

Class Counsel has conducted extensive investigation and prosecution of this case, including, but not limited to, interviewing and consulting with over fifty class members and opt-in plaintiffs, reviewing thousands of documents produced by defendants, deposing corporate representatives, reviewing deposition transcripts of defendants' corporate employees, reviewing and analyzing payroll data, filing a motion for collective action certification, filing a motion for class certification, obtaining collective and class certification, and sending out notices pursuant to those certifications.

## Settlement Negotiations

The parties retained Norman Bromberg, former District Director of the U.S. Department of Labor's Wage and Hour Division, New York District Office, to provide an objective expert analysis of the claims. Taking Mr. Bromberg's opinion as to the strengths and weaknesses of each of the claims in the Lawsuit into account, along with the discovery made in earlier stages of the Lawsuit, the parties decided on a framework for resolving the case. After reaching a settlement in principle, the parties continued to discuss the details and various aspects of the settlement. The parties participated in a settlement conference in this matter under the supervision of Magistrate Judge Gabriel Gorenstein at which further details of the settlement were agreed to.

---

[1] It should be noted that Mr. Carlet served solely as a bartender during the applicable period and accordingly would be ineligible to receive any recovery under the Settlement.

**Liability Analysis**

Class Counsel has analyzed and evaluated the merits of the claims made against defendants in the Lawsuit, as well as the impact of this Agreement on plaintiffs and the Rule 23 Class. Based upon their analysis and evaluation of a number of factors, and recognizing the substantial risks of continued litigation, including the possibility that failing to reach a settlement agreement could result in a much less favorable recovery, if any, for the Rule 23 Class, and that this might not occur for several years, Class Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable and adequate and that this Agreement is in the best interests of the Rule 23 Class.

**Settlement Amount**

The total payment under the settlement, including all attorneys' fees and costs, the Service Payments to the Class Representatives, interest and any other payments provided by this Settlement (including the costs of administering the settlement), is three million one hundred and fifty thousand dollars and no cents ($3,150,000.00). Defendants shall also pay the employer portion of government-mandated withholdings, which amount shall not be included in, but will be in addition to, the total payment. With the exception of such government-mandated withholdings, Defendants' total payment under this Settlement shall not exceed $3,150,000.00.

**Members of the Rule 23 Class**

The Rule 23 Class consists of all waiters who worked at Sparks between June 14, 2000 through December 2008, with the exception of Joanne Wejrowski, who chose to opt out of membership in the class by timely filing a request for exclusion with the Court on December 7, 2007. Also excluded from the Rule 23 Class are Mohammed Elbeyali and Jeton Karahoda, whose positions in the kitchen were alleged to be ineligible for participation in the tip pool and are not receiving any money from the NYLL Settlement Funds. The members of the Rule 23 Class are listed in Exhibit A.

**Members of the FLSA Collective**

The FLSA Collective consists of those plaintiffs who chose to affirmatively opt into the Collective to assert their claims under the FLSA by filing a Consent to Sue pursuant to the August 24, 2006 Order of the Court. The members of the FLSA Collective are listed in Exhibit B.

**TERMS OF SETTLEMENT**

**THE SETTLEMENT FUND**

The Settlement Fund shall be allocated between (1) damages under the NYLL for the Rule 23 Class, consisting of disgorgement of money which plaintiffs contend was unlawfully diverted from the tip pool, and (2) damages under the FLSA for all plaintiffs who timely opted into the FLSA lawsuit and filed a Consent to Sue form, consisting of payment of tip credit that was taken by Sparks, along with liquidated damages.

3

## Rule 23 - NYLL Damages

**Annual Supplemental Tip Pools**

For the statute of limitations period under the NYLL of June 14, 2000 through December 31, 2008, Annual Supplemental Tip Pools have been created for distribution to all waiters who were employed at Sparks for that period of time. The Annual Supplemental Tip Pools are based on the amount of tips which had been taken out of the tip pool for certain non-waitstaff employees of Sparks. The total amount of NYLL damages is $ 2,228,607.53.

The Annual Supplemental Tip Pools are in the following approximate amounts:

2000 – $121,419.38
2001 – $240,598.69
2002 – $267,563.56
2003 – $268,826.85
2004 – $355,767.12
2005 – $362,383.35
2006 – $335,583.58
2007 – $142,875.12
2008 – $133,589.90

**Allocation of the Annual Supplemental Tip Pools**

Each Annual Supplemental Tip Pool shall be allocated proportionally to members of the Rule 23 Class based on hours worked. The calculation for each member of the Rule 23 Class shall be as follows:

> Annual Supplemental Tip Pool (minus attorneys' fees) divided by total hours worked by all waiters that year, then multiplied by hours worked by each waiter during that year.

**Exclusions From the Annual Supplemental Tip Pools**

Each Annual Supplemental Tip Pool is based on plaintiffs' contentions that certain individuals should not have participated in the tip pool at Sparks. As such, the following individuals shall be excluded from receiving shares from any Annual Supplemental Tip Pool for which plaintiffs alleged they were improperly included in the tip pool: Eugene Boniteau – excluded for 2000-2006; Salko Celija – excluded for 2000-2006; Mohammed Elbayali – excluded for 2000-2008; Ante Ivce – excluded for 2000-2005; Jeton (Jay) Karahoda – excluded for 2000-2008; Fatlum "Lucky" Spahija – excluded for 2004-2008; Alaettin Sungu – excluded for 2004; Nadilj (Nick) Velic – excluded for 2002-2006; Giuseppe Vetro – excluded for 2006; and Ibrahim Wakim – excluded for 2000.

4

## FLSA Damages For Opt-In Plaintiffs

### Allocation of FLSA Damages

Each FLSA opt-in plaintiff who opted into the case pursuant to the August 24, 2006 Order of the Court and their filing of a Consent to Sue, shall receive damages based on hours worked within the statute of limitations period for their respective claims (*i.e.*, three years prior to the filing of their Consent to Sue form with the Court until December 31, 2008).

### Calculation of FLSA Damages For Opt-In Plaintiffs

Each FLSA opt-in plaintiff shall receive two times the tip credit (less attorneys' fees) that was taken by Sparks for the period for which they are covered under the FLSA statute of limitations. Specifically, for purposes of this settlement, the statutory tip credit to be applied to the FLSA damage calculation shall be a tip credit of $1.85 per hour between June 21, 2001 and December 31, 2004; $1.30 per hour between January 1, 2005 and December 31, 2005; $0.80 per hour between January 1, 2006 and December 31, 2006; $0.55 per hour between January 1, 2007 and July 24, 2007; $1.25 between July 24, 2007 and July 24, 2008; and $1.95 between July 24, 2008 and December 31, 2008. The total amount of FLSA damages, including liquidated damages, has been calculated to be $921,391.92.

### Attorneys' Fees and Costs

At the Fairness Hearing, Class Counsel shall petition the Court for an award of attorneys' fees in the amount of $1,015,000, which amount is inclusive of its litigation costs and expenses. Defendants will not oppose such a fee and cost application. Defendants shall have no additional liability for fees and costs, including, without limitation, administrative costs, expert fees and costs, or attorneys' fees and costs.

The basis for apportioning one third of the Settlement Payment as attorneys' fees is grounded in Class Counsel's retainer agreements with named plaintiffs, and the understanding of all plaintiffs pursuant to the Notices which were sent out to potential Collective and Rule 23 Class Members, which each set forth Class Counsel's fee of one third of any settlement or award obtained. The reduction of $35,000 from the actual one-third of the total payment is to ensure that attorneys' fees and service payments, when taken together, do not exceed one-third of such payment , or $1,050,000.

### Payments to Certain Plaintiffs

At the Fairness Hearing, plaintiffs Gerald Duchene and Ibrahim Wakim will apply to the Court to receive twenty-five thousand dollars ($25,000) and ten thousand dollars ($10,000) respectively, to be deducted from the total attorneys' fees award, for services rendered to the Class. Defendants will not oppose such applications (the "Service Payments"). The Service Payments and the requirements for obtaining such payments are separate and apart from, and in addition to, other recovery to which these plaintiffs might be entitled, and other requirements for obtaining such recovery, under other provisions of this Agreement.

**Notice to the Rule 23 Class**

A Notice of Class Action Settlement (the "Notice") approved by the Court will be sent by Class Counsel to the Rule 23 Class Members by first class mail. A copy of the Proposed Notice, with a proposed cover letter agreed upon by the parties, is attached hereto as Exhibit C.

Within ten (10) days of the Court's Order approving the Notice, Class Counsel will send out the Notice to the last-known addresses of the Rule 23 Class Members. The last-known addresses, telephone numbers, and Social Security Numbers of the Rule 23 Class Members are to be provided in a database to Class Counsel by defendants at the time this Agreement is executed. Class Counsel agrees to use this data solely for the purposes of effectuating this settlement and will comply with all state and federal laws that protect the privacy of defendants' current and former employees. This database shall be based on defendants' payroll and other business records. Notices returned to Class Counsel as non-delivered during the forty-five (45) day period for filing objections to the settlement shall be resent within seven (7) days to the forwarding address, if any, on the returned envelope. Class Counsel will resend a returned Notice to a forwarding address only one time per Rule 23 Class Member. If there is no forwarding address, Class Counsel will, if necessary, run a check of the Rule 23 Class Members' addresses against those on file with the United States Postal Service's National Change of Address List; this check will be performed only once per Class Member.

Upon completion of these steps by Class Counsel, the parties shall be deemed to have satisfied their obligation to provide the Notice to that Class Member and the member shall be bound by all the terms of this Agreement and the Court's order and final judgment.

**Objections to Settlement**

Class Members who wish to present objections to the proposed settlement at the Fairness Hearing must first do so in writing in accordance with the following procedure:

a.  The original must be sent to the Honorable Paul A. Crotty, United States District Court, Southern District of New York, 500 Pearl Street, Courtroom 20C, New York, NY 10007.

b.  Copies must be sent to Class Counsel and defendants' counsel at the addresses listed below:

| Class Counsel | Defendants' Counsel |
|---|---|
| Louis Pechman | Philip K. Davidoff |
| Berke-Weiss & Pechman LLP | William A. Carmell |
| 488 Madison Ave., 11th Floor | Ford & Harrison LLP |
| New York, New York 10022 | 100 Park Avenue, Suite 2500 |
| | New York, New York 10017 |

6

c. Written objections must contain the objecting Rule 23 Class Member's name, address, must be signed by the Rule 23 Class Member, and must include reference to the matter of *Duchene, et al. v. Michael Cetta, Inc., et al.*, Case Number 06 Civ. 4576 (PAC) (GWG). If a Rule 23 Class Member objects to the settlement and intends to appear at the final approval hearing, the Rule 23 Class Member must include with their written objection an explanation of the basis for the objection and a statement that he intends to appear and be heard at the hearing on final approval.

d. To be considered, written objections must be received by the Court on or before forty-five (45) days after the Notice is mailed to such Class Member.

e. If a Rule 23 Class Member does not comply with the foregoing procedures and deadlines for submitting written comments or appearing at the hearing, they will not be entitled to be heard at the hearing, contest, or appeal from approval of the settlement or any award of attorneys' fees or expenses, or contest or appeal from any other orders or judgments of the court entered in connection with the settlement.

f. The parties may file with the Court written responses to any filed objections.

**Duties of the Parties Prior to Court Approval**

The parties shall promptly submit this Agreement to the Court in support of plaintiffs' motion for preliminary approval and determination by the Court as to its fairness, adequacy, and reasonableness. Class Counsel shall apply to the Court for the entry of an order substantially in the following form:

a. Scheduling a final approval hearing on the question of whether the settlement, including payment of attorneys' fees, and the class representatives' Service Payments should be finally approved as fair, reasonable and adequate as to the members of the Rule 23 Class (the "Fairness Hearing");

b. Approving as to form and content the proposed Notice of Class Action Settlement;

c. Directing the mailing of the Notice of Class Action Settlement; and

d. Preliminarily approving the Settlement subject only to the objections of members of the Rule 23 Class and final review by the Court.

**Duties of the Parties Relating to Final Approval**

On or before the date that is seven (7) days before the Fairness Hearing, Class Counsel shall move the Court for final approval of the settlement provided for in this Agreement, together with a proposed final order agreed to by the Parties:

a. Approving the Settlement, adjudging the terms thereof to be fair, reasonable and adequate, and directing consummation of its terms and provisions;

b. Approving Class Counsel's application for an award of attorneys' fees;

c. Approving the Service Payments in accordance with this Agreement; and

d. Dismissing this action on the merits with prejudice.

**Entry of Judgment**

At the Fairness Hearing, the parties will request that the Court, among other things, (a) enter Judgment in accordance with this Agreement, (b) approve the Settlement and Agreement as final, fair, reasonable, adequate, and binding on all Class Members, (c) dismiss the Lawsuit with prejudice, and (d) enter an order permanently enjoining all Class Members from pursuing and/or seeking to reopen claims that have been released by this Agreement.

**Effect of Failure to Grant Final Approval**

In the event that the Court does not approve the Settlement, and the basis for the Court's disapproval of the Settlement does not involve a material term of this Agreement, the parties shall make good faith efforts to modify this Agreement so as to gain the Court's approval. In the event that the Court issues an order preliminarily or finally approving the Settlement in a form materially different from this Agreement, the parties shall each have ten (10) days to withdraw from the Settlement, which may be exercised immediately upon submission of written notice to the other party and filing with the Court. If either party chooses to exercise the right to withdraw as set forth in this paragraph, the Settlement shall be null and void for all purposes, and the parties shall be restored, without prejudice, to their respective pre-settlement litigation positions. The parties further agree that Norman Bromberg shall not be retained or consulted by either party in connection with the ensuing litigation, and that any materials prepared by Mr. Bromberg, including his affidavit submitted in support of this Settlement and/or his opinions expressed therein, shall be inadmissible for any purpose in any future litigation between the parties.

**Effective Date**

The Effective Date is the date on which this Agreement becomes effective, which shall mean fifteen (15) days following entry of final Order by the Court approving this Agreement if no objections are filed to the settlement. If objections are filed and overruled, and no appeal is taken of the final approval Order, then the Effective Date of final approval shall be fifteen (15) days after the appeal is withdrawn or after an appellate decision affirming the final approval decision becomes final.

**Settlement Payment Date**

Defendants shall make all payments due under this Agreement within fifteen (15) days following the Effective Date.

8

**Mailing of Settlement Payments**

Class Counsel shall cause the Settlement Payments and all Service Payments to be mailed to the Class Members within ten (10) calendar days after defendants deliver payment to Class Counsel.

Class Members will have ninety (90) calendar days after such mailing by the Class Counsel to cash their settlement payments. If Class Members do not cash their settlement payment checks within the 90-day period, their settlement checks will be void and a stop-payment will be placed. Class Members will then have an additional one hundred eighty (180) days to request a replacement check. If no such request is made, or if it is made but the replacement check is not cashed within 90 days after mailing, such replacement check will be void and a stop-payment will be placed. There will be no further obligation on the part of the parties and/or their counsel to these Class Members.

**Uncashed Checks**

Following the completion of all steps required hereunder, any settlement checks not cashed within two hundred seventy (270) days of the original mailing will be returned to Sparks.

**Resolution of Disputes**

In the event a Class Member disputes the calculations which determined the amount for which he or she is entitled to receive credit under the Settlement, Class Counsel shall forward said dispute to defendants' counsel, who will seek to resolve the dispute. Defendants' regularly maintained business records shall be deemed to control in the event of such a dispute. The Class Member must submit information or documents supporting his or her position at least ten (10) days before the Fairness Hearing is scheduled. Information or documents submitted later than ten (10) days prior to the Fairness Hearing will not be considered, unless otherwise agreed to by the parties. In no event shall any payment paid pursuant to a dispute resolution increase defendants' maximum total payment.

**Release**

By operation of the entry of the Judgment and Final Approval, and except as to such rights or claims as may be created by this Agreement, the Rule 23 Class forever and fully releases defendants from all NYLL claims asserted in the Second Amended Complaint through December 31, 2008, including all NYLL claims for misappropriated tips, unpaid wages, interest, liquidated damages, and attorneys' fees and costs related to such claims.

By operation of the entry of the Judgment and Final Approval, and except as to such rights or claims as may be created by this Agreement, all plaintiffs who opted into the FLSA Collective forever and fully release defendants from all FLSA claims asserted in the Second Amended Complaint through December 31, 2008, including all FLSA

claims for unpaid minimum wages, liquidated damages, and attorneys' fees and costs related to such claims.

### Taxability of Settlement Payments

Payments treated as backwages shall be made net of all applicable statutory deductions, including, without limitation, federal, state and local income tax withholding and the employee share of the FICA tax, and shall be reported to the Internal Revenue Service ("IRS") and to the payee under payee's name and social security number on an IRS Form W-2. Payments treated as liquidated damages shall be made without withholding and shall be reported to the IRS and to the payee, to the extent required by law, under the payee's name and social security number on an IRS Form 1099. Payments of attorneys' fees and any Service Payments pursuant to this Agreement shall be made without withholding and reported to the IRS and to the payee under the payee's name and taxpayer identification number on an IRS Form 1099.

### Notices

Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

To Plaintiffs and the Rule 23 Class:

Louis Pechman
Berke-Weiss & Pechman LLP
488 Madison Avenue, 11th Floor
New York, New York 10022

To Defendants:

Philip K. Davidoff
William A. Carmell
Ford & Harrison LLP
100 Park Avenue, Suite 2500
New York, New York 10017

All notices, demands or other communications by and between counsel for the parties shall be in writing, transmitted via e-mail or facsimile, and shall be deemed to have been duly given as of the third business day after transmission.

## MISCELLANEOUS

### Cooperation Between Parties

The parties shall cooperate fully with each other and shall use their best efforts to obtain the Court's approval of this Agreement and all of its terms. Each of the parties, upon the request of any other party, agrees to perform such further acts and to execute

and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

## Media Communication

Neither party to this Agreement shall disparage the other party in any statement or disclosure to the media (*i.e.*, press, television, radio, or internet).

## Entire Agreement

This Agreement constitutes the entire agreement between the parties with regard to the subject matter contained herein, and all prior and contemporaneous negotiations and understandings between the parties shall be deemed merged into this Agreement.

## No Admission

Nothing contained herein, nor the consummation of this Agreement, is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of defendants. The parties have entered into this Agreement solely with the intention to avoid further disputes and litigation with the attendant inconvenience and expense.

## Binding Effect

The Agreement shall be binding upon the parties and, with respect to plaintiffs and the class members, their spouses, children, representatives, heirs, administrators, executors, beneficiaries, conservators, attorneys and assigns. Subject to the terms set forth above, in the event any plaintiff is deceased, upon receipt of appropriate documentation by Class Counsel, payment of settlement monies shall be made to that individual's Estate in accordance with applicable law.

## Arms' Length Transaction; Materiality of Terms

The parties have negotiated all the terms and conditions of this Agreement at arms' length. All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the parties entering into this Agreement.

## Captions

The captions or headings of the terms and conditions of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

## Construction

The determination of the terms and conditions of this Agreement has been by mutual agreement of the parties. Each party participated jointly in the drafting of this

Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship.

## Severability

Following the Effective Date, if any provision of this Agreement is held by a court of competent jurisdiction to be void, voidable, unlawful or unenforceable, the remaining portions of this Agreement will remain in full force and effect.

## Governing Law

This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of New York, without regard to choice of law principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

## Continuing Jurisdiction

The Court shall retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby. The Court shall not have jurisdiction to modify the terms of the Agreement or to increase defendants' payment obligations hereunder.

## Waivers, Etc. To Be In Writing

No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all parties and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval. Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed  a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

**When Agreement Becomes Effective; Counterparts**

This Agreement shall become effective upon its execution. The parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if plaintiffs and defendant had signed the same instrument.

**CLASS COUNSEL:**

BERKE-WEISS & PECHMAN LLP

By: _____
Louis Pechman (LP-6395)
488 Madison Avenue, 11th Floor
New York, New York 10022
(212) 583-9500

Dated: _4/6_____, 2009

**CLASS REPRESENTATIVE:**

By: _____
Gerald Duchene

Dated: _4/6_____, 2009

**DEFENSE COUNSEL:**

FORD & HARRISON, LLP

By: _____
Philip K. Davidoff (PD-7488)
William A. Carmell (WC-7648)
100 Park Avenue, Suite 2500
New York, New York 10017
(212) 453-5915

Dated: _4/6_____, 2009

**DEFENDANTS:**

By: _____
Michael Cetta, in his
corporate and individual
capacities

Dated: _4/8_____, 2009

## RULE 23 CLASS MEMBERS

1. Ahmetaj, Bislim

2. Aksal, Jonathan

3. Aksar, Oguz

4. Alarcon, Gerardo Jose

5. Ali, Elsayed A.

6. Alibegovic, Hodo

7. Almazan, Jose F.

8. Alvarez, Jorge

9. Antonic, Zlatko

10. Arama, Constanin

11. Arias, Mitchell

12. Astafovic, Skender

13. Avila, Edwin

14. Bajewski, Tadeusz

15. Bajraktarevic, Mirsad

16. Balidemaj, Rama

17. Barata, Armindo

18. Beimodi, Gaetano

19. Beistain, Julio C.

20. Belibrove, Paul

21. Berenson, Scot W.

22. Berisha, Luan

23. Besi, Ramo

24. Bezdek, George M.

**Exhibit A**

25. Bicaj, Agron

26. Blokar, Leo

27. Bocris, Marian D.

28. Boyadijiev, Vasko E.

29. Bracic, Husein M.

30. Brahimi, Kamal (Kim)

31. Bulku, Eduard

32. Carrion, Dario

33. Ceballos, Erasto

34. Cekik, Saban

35. Celija, Salko

36. Church, John

37. Cibu, Georgian (Giorgio)

38. Collins, Ian

39. Cordero, Ricardo

40. Cucu, Gaby M.

41. Cungic, Skender

42. Curguz, Zeljko

43. Cutra, Elvis

44. Dafraga, Jose

45. Daia, Marcel

46. DeBorba, Fulvio

47. Demaj, Arland

48. Derguti, Sali

49. Djecbitric, Sadik

**Exhibit A**

50. Donnelly, Timothy M.

51. Duchene, Gerald P.

52. Dumitra, Costel E.

53. Durdek, Daniel

54. Dzaferovic, Junuz

55. Dzaferovic, Muhamed

56. Ebied, Omar A.

57. Edward, Michael

58. Elidrissi, Semlali

59. Elsayed, Tarek Mohse

60. Ferhati, Ferison

61. Ferreira, Neri

62. Finnegan, Gerard P.

63. Fuller, Christopher

64. Gallardo, Joaquin

65. Gashi, Galdim R.

66. Gerolimatos, Robert

67. Gjevukaj, Adem

68. Gjidija, Jeton (Tony)

69. Goanta, Stelian

70. Gomez, Fabian

71. Gonzales, Jose A.

72. Gonzalez, Luis

73. Grlic, Mario

74. Hadzibrahimovic, Sani

**Exhibit A**

75. Hajdini, Valjon

76. Hanna, Mina M.

77. Harford, Darren

78. Hasic, Amel

79. Hassan, Hesham

80. Helal, Salah

81. Hot, Sead

82. Hoxhaj, Avnii

83. Hoxhaj, Elvi

84. Ibrahim, Ahmed T.

85. Ibrahim, Ibrahim A.

86. Ingrao, Matteo

87. Iriarte, Juan A.

88. Ivce, Ante

89. Jasarej, Izet

90. Jimenez, Lenny

91. Kasmi, Ali

92. Khalsi, Ayad

93. Klisch, David R.

94. Korosi, Peter

95. Krakowiak, Marek

96. Kucur, Suleyman (Sam)

97. Kulisek, Ladislav

98. Kurmemovic, Fadil

99. Kurnaz, Erkan

**Exhibit A**

100. Lamniji, Rachid

101. Leal, Arturo

102. Locaj, Valon

103. Lustica, Silvio

104. Madbouly, Omar

105. Makhoul, Louis I. Makhoul c/o Mrs. Akbal

106. Manite, James P.

107. Marcal, Alfanes A.

108. Marius, Toto

109. Mason, Kevin

110. McCabe, Sean

111. McDonough, Shane

112. Melo, Luis-Manuel

113. Mesic, Marin

114. Mici, Alex

115. Mircica, Ioan

116. Mirea, Constantin

117. Moffitt, Jamie R.

118. Monge, Jose Daniel

119. Moore, Mark R.

120. Moran III, William P.

121. Moreno, Edelmiro Luis

122. Mujovic, Faruk

123. Mullai, Lulezim

124. Mushkolaj, Iber

**Exhibit A**

125. Musovic, Sammy

126. Mutlu, Enver

127. Nachipucha, Nelson

128. Nahro, Khalid

129. Navarez, Henry N.

130. Neagu, Paul

131. Nedjmedine, Feddaoui

132. Neziraj, Kenan

133. Neziraj, Xhavit

134. Noka, Shkumbin

135. Nuredini, Adnan

136. O'Neill, Laurence G.

137. Olivo, Salvatore Anthony

138. Osorio, Roberto Fern

139. Panait, Cipriani N.

140. Pavicic, Ivan

141. Pepic, Jakup

142. Perazic, Nersad

143. Perez-Gonzales, Octavio

144. Pinheiro, Antonio

145. Pjetrovic, Damir

146. Pjetrovic, Sucko (Pete)

147. Ponce, Carlos A.

148. Pozivenec, Marion

149. Prado, Carlos G

**Exhibit A**

150. Preljvukaj, Sadik

151. Prelvukaj, Bekim

152. Purisic, Mirzet

153. Qosaj, Uran

154. Radoncic, Fikret

155. Rboub, Fahd

156. Redzepagic, Fahrudin

157. Resulbegovic, Nagip

158. Rocchio, Vincent A.

159. Rodriguez, Elvis

160. Rosenow, Michael H.

161. Rourke, Christopher

162. Ruddock, Scott D.

163. Sakajani, Skender

164. Salem, Saied G.

165. Sangese, Jr., August

166. Selimovic, Almir

167. Sesjak, Novica-Jozo

168. Shannon, Christopher

169. Simoes, Victor

170. Spahija, Fatlum

171. Stanciu, Bogdan

172. Suarez, Carlos R.

173. Suarez, Daniel E.

174. Suarez, Diego

**Exhibit A**

175. Sungu, Alaettin

176. Susilo, Josp

177. Szekely, Steven

178. Tagani, Alim

179. Tellas, Alejandro

180. Trabolsi, Robert

181. Tudoran, Valenin

182. Urrutia, Dario

183. Uygur, Ismail L.

184. Vassallo, Franceso

185. Vega, Emiliano Emilly

186. Velic, Nadilj

187. Velic, Salih

188. Vetro, Giuseppe

189. Vickery, Miroslav

190. Vidas, Vladimir

191. Viterale, Guiseppe

192. Vrcan, Darko

193. Vuthi, Kelmend (Clement)

194. Wakim, Ibrahim

195. Yaghoubi, Ramin

196. Yaksick, Blaise R.

197. Zampella, Richard

198. Zeqiraj, Mirgim

199. Zoran, Tomas

**Exhibit A**

200. Zufriategui, Carlos A.

201. Zuk, Stanley

## FLSA COLLECTIVE MEMBERS

1. Aksal, Jonathan
2. Alarcon, Gerardo Jose
3. Ali, Elsayed A.
4. Alvarez, Jorge
5. Arama, Constanin
6. Arias, Mitchell
7. Barata, Armindo
8. Belibrove, Paul
9. Berenson, Scot W.
10. Blokar, Leo
11. Bocris, Marian D.
12. Brahimi, Kamal (Kim)
13. Bulku, Eduard
14. Cibu, Georgian (Giorgio)
15. Collins, Ian
16. Cucu, Gaby M.
17. Dafraga, Jose
18. Duchene, Gerald P.
19. Dumitra, Costel E.
20. Durdek, Daniel
21. Elbeyali, Mohamed
22. Ferreira, Neri
23. Finnegan, Gerard P.
24. Gjidija, Jeton (Tony)

**Exhibit B**

25. Hadzibrahimovic, Sani

26. Helal, Salah

27. Hot, Sead

28. Ibrahim, Ahmed T.

29. Krakowiak, Marek

30. Kucur, Suleyman (Sam)

31. Kulisek, Ladislav

32. Kurmemovic, Fadil

33. Lamniji, Rachid

34. Lustica, Silvio

35. Makhoul, Louis I. Makhoul c/o Mrs. Akbal

36. Mason, Kevin

37. Mircica, Ioan

38. Monge, Jose Daniel

39. Moreno, Edelmiro Luis

40. Musovic, Sammy

41. Neagu, Paul

42. O'Neill, Laurence G.

43. Pavicic, Ivan

44. Pjetrovic, Damir

45. Pjetrovic, Sucko (Pete)

46. Ponce, Carlos A.

47. Prado, Carlos G

48. Preljvukaj, Sadik

49. Purisic, Mirzet

**Exhibit B**

50. Redzepagic, Fahrudin

51. Rourke, Christopher

52. Salem, Saied G.

53. Selimovic, Almir

54. Simoes, Victor

55. Stanciu, Bogdan

56. Suarez, Diego

57. Sungu, Alaettin

58. Vetro, Giuseppe

59. Vuthi, Kelmend (Clement)

60. Wakim, Ibrahim

61. Yaksick, Blaise R.

62. Zufriategui, Carlos A.

63. Zuk, Stanley

**Exhibit B**

**[TO BE PLACED ON CLASS COUNSEL'S LETTERHEAD]**

[DATE NOTICE MAILED]

Name
Address

Re:   *Duchene, et al. v. Michael Cetta, Inc., d/b/a Sparks Steak House, et al.*
       <u>Index No. 06 Civ. 4756 (PAC) (GWG)</u>

Dear _____:

      As set forth in the enclosed Notice of Class Action Settlement ("Notice"), the records of Sparks Steak House indicate that you were employed by Sparks during the class period of June 14, 2000 to December 31, 2008 and that you are a member of the class action in the above-referenced matter.

      We have preliminarily determined that your award under the settlement is _____, based on the hours you worked during the relevant time period. The formula by which this award has been calculated is set forth in more detail in the Notice. The final amount you receive will be awarded after the Fairness Hearing before the Court on this matter.

      Please feel free to contact me, or my associate Jessica Tischler, if you have any questions.

Very truly yours,

Louis Pechman

**Exhibit C**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GERALD DUCHENE, et al.,              :      06 Civ. 4576 (PAC) (GWG)

                 :
              Plaintiffs,   :      **NOTICE OF CLASS**
                 :      **ACTION SETTLEMENT**
   -against-               :
                 :
                 :
MICHAEL CETTA, INC., d/b/a SPARKS   :
STEAK HOUSE, and MICHAEL CETTA,   :      **ECF CASE**
                 :
            Defendants.   :
------------------------------------------------------------------X

TO:       **ALL PERSONS WHO WERE EMPLOYED BY SPARKS STEAK HOUSE AS WAITERS AT ANY TIME DURING THE PERIOD FROM JUNE 14, 2000 THROUGH DECEMBER 31, 2008.**

Based on information in the records of Michael Cetta, Inc., d/b/a Sparks Steak House ("Sparks"), you were a waiter at Sparks and are entitled to participate in the proposed $3,150,000.00 settlement of the case captioned *Gerald Duchene, et al. v. Michael Cetta, Inc., d/b/a Sparks Steak House, and Michael Cetta*, Case No. 06 Civ. 4576 (PAC)(GWG) (the "Lawsuit"). **Please read this Notice carefully.** It contains important information about your rights concerning the settlement of the Lawsuit. If the settlement is approved by the Court, you will be bound by its terms.

1.      **WHAT IS THE PURPOSE OF THIS NOTICE?**

The Court has ordered that this Notice be sent to you because you worked at Sparks as a waiter between June 14, 2000 and December 31, 2008. The purpose of this Notice is to inform you of your rights under the Settlement Agreement resolving the Lawsuit.

2.      **WHAT IS THIS CASE ABOUT?**

The Lawsuit asserted class claims under the New York Labor Law ("NYLL") and collective claims under the Fair Labor Standards Act ("FLSA") alleging that Sparks failed to properly compensate plaintiffs at the federal and state minimum wage by improperly taking a "tip credit" while not permitting its waiters to retain the entirety of their tips. In addition, the lawsuit alleged that Sparks unlawfully deducted and distributed the tips of waiters to other non-tipped employees and non-waiters (*e.g.* banquet manager, kitchen manager, wine cellar master, appetizer expediters, and bartenders). The plaintiffs sought recovery of, among other things, misappropriated tips, unpaid wages, liquidated damages, pre-judgment interest, post-judgment interest, and attorneys' fees and costs, as well as injunctive and declaratory relief under the NYLL and FLSA.

Exhibit C

Sparks and Michael Cetta ("defendants") denied the allegations made in the Lawsuit and that they are liable for any of the claims asserted in the Lawsuit. Nonetheless, and while maintaining that they are not liable for any of the claims made in the Lawsuit, defendants have agreed to enter into this Settlement in order to obtain the conclusive and complete dismissal of the Lawsuit.

## 3.    WHAT ARE THE TERMS OF THE SETTLEMENT AGREEMENT?

The parties have agreed to settle this matter for the total gross sum of three million one hundred and fifty thousand dollars and no cents ($3,150,000.00).

## 4.    HOW WILL MY SHARE OF THE SETTLEMENT FUND BE CALCULATED?

Each Class Member will receive a share of the $3,150,000.00 in total settlement funds.    Your share will depend on the number of hours you worked within the applicable time period, as well as whether you also "opted in" to the collective action. The Settlement Fund shall be allocated between (1) damages under the NYLL for the Rule 23 Class consisting of disgorgement (*i.e.*, return) of money which plaintiffs contend was unlawfully diverted from the tip pool, and (2) damages under the FLSA, for all plaintiffs who timely opted into the FLSA lawsuit and filed a Consent to Sue form, consisting of payment of the tip credit that was taken by Sparks, along with liquidated damages; and (3) attorneys' fees and service payments.   Your estimated payment is outlined in the letter accompanying this Notice, and will be calculated as follows:

### a.    NYLL Damages For the Rule 23 Class

For the statute of limitations period of June 14, 2000 through December 31, 2008, Annual Supplemental Tip Pools have been created for distribution to all waiters who were employed at Sparks for that period of time.   The Annual Supplemental Tip Pools are based on the amount of tips which had been taken out of the tip pool for certain non-waitstaff employees of Sparks, less attorneys' fees.   Each Annual Supplemental Tip Pool is based on plaintiffs' contentions that certain individuals should not have participated in the tip pool at Sparks.   As such, the following individuals shall be excluded from receiving shares from any Annual Supplemental Tip Pool for any period which plaintiffs alleged they were improperly included in the tip pool:    Eugene Boniteau; Salko Celija; Mohammed Elbayali; Ante Ivce; Jeton Karahoda; Fatlum "Lucky" Spahija; Alaettin Sungu; Nadilj (Nick) Velic; Giuseppe Vetro; and Ibrahim Wakim.   These Annual Supplemental Tip Pools will be divided by the aggregate number of hours worked by all of the individual Class Members for that year to determine the value of tips which were taken from each waiter for every hour worked. This dollar amount will then be multiplied by the number of hours worked by you during that year to determine your recovery for that year.

### b.    FLSA Damages For Opt-In Plaintiffs

Each FLSA opt-in plaintiff shall receive two times the tip credit (less attorneys' fees) that was taken by Sparks for the period for which they are covered under the FLSA's three-year statute of limitations. Specifically, for purposes of this settlement, the statutory tip credit to be applied to the FLSA damage calculation shall be a tip credit of

$1.85 per hour between June 21, 2001 and December 31, 2004; $1.30 per hour between January 1, 2005 and December 31, 2005; $0.80 per hour between January 1, 2006 and December 31, 2006; $0.55 per hour between January 1, 2007 and July 24, 2007; $1.25 between July 24, 2007 and July 24, 2008; and $1.95 between July 24, 2008 and December 31, 2008.

You are not eligible for the opt-in FLSA damages unless you timely filed an Opt-In Notice *and* were employed within three years of the filing of such notice with the Court.

## 5.    HOW WILL THE ATTORNEYS BE PAID?

Class Counsel will apply to the Court for attorneys' fees and Service Payments in the amount of one-third of the total class recovery, which amounts to $1,050,000. This amount will be requested pursuant to the retainer agreements of named plaintiffs and the Notices which were sent out to potential Collective and Rule 23 Class Members, which each set forth Class Counsel's fee of one-third of any settlement or award obtained. If the Court approves such payment, Class Counsel will receive attorneys' fees in the amount of $1,015,000, which amount is equal to the one-third fee as set forth above, less Service Payments in the amount of twenty-five thousand dollars ($25,000), which shall be paid out to Class Representative Gerald Duchene, and ten thousand dollars ($10,000), which shall be paid to Class Representative Ibrahim Wakim. These Service Payments are made because these individuals provided many hours of service to the class by helping Class Counsel formulate claims and by providing consistent support of the case since its commencement in June of 2006.

## 6.    WHAT IS THE LEGAL EFFECT OF THE SETTLEMENT?

By operation of the entry of the Judgment and Final Approval, you will fully release defendants from all NYLL claims asserted in the Lawsuit through December 31, 2008, including all NYLL claims for misappropriated tips, unpaid wages, interest, liquidated damages, and attorneys' fees and costs related to such claims. If you opted into the FLSA lawsuit, you are also fully releasing defendants from all FLSA claims asserted in the Lawsuit through December 31, 2008, including all FLSA claims for unpaid minimum wages, liquidated damages, and attorneys' fees and costs related to such claims.

## 7.    WHEN IS THE FAIRNESS HEARING?

A hearing before the Honorable Paul A. Crotty will be held on _____, 2009, at the United States District Court, Southern District of New York, 500 Pearl Street, Courtroom 20C, New York, NY 10007 (the "Fairness Hearing"). The purpose of this hearing will be for the Court to determine whether the Settlement is fair, adequate, and reasonable and should be approved by the Court. The Court will take into account any comments or objections filed by you in accordance with the procedure described below.

**8.   HOW CAN YOU OBJECT TO THE SETTLEMENT?**

If you wish to present objections to the proposed settlement at the Fairness Hearing, you must first do so in writing in accordance with the following procedure:

a.   The original must be sent to the Honorable Paul A. Crotty, United States District Court, Southern District of New York, 500 Pearl Street, Courtroom 20C, New York, NY 10007.

b.   Copies must be sent to both Class Counsel and defendants' counsel at the addresses listed below:

| Class Counsel | Defendants' Counsel |
| --- | --- |
| Louis Pechman | Philip K. Davidoff |
| Berke-Weiss & Pechman LLP | William A. Carmell |
| 488 Madison Avenue, 11th Floor | Ford & Harrison LLP |
| New York, New York 10022 | 100 Park Avenue, Suite 2500 |
| | New York, New York 10017 |

c.   Written objections must contain your name and address, must be signed by you, and must include reference to the matter of *Duchene, et al. v. Michael Cetta, Inc., et ano*, Case Number 06 Civ. 4576 (PAC) (GWG).  If you object to the settlement and intend to appear at the Fairness Hearing, you must include with your written objection an explanation of the basis for the objection and a statement that you intend to appear and be heard at the Fairness Hearing.

d.   To be considered, written objections must be received by the Court on or before forty-five (45) days after this Notice is mailed to you.

e.   If you do not comply with the foregoing procedures and deadlines for submitting written comments or appearing at the hearing, you will not be entitled to be heard at the hearing, contest, or appeal from approval of the settlement or any award of attorneys' fees or expenses, or contest or appeal from any other orders or judgments of the Court entered in connection with the settlement.

f.   The parties may file with the Court written responses to any filed objections.

**8.      HOW CAN YOU EXAMINE COURT RECORDS?**

This Notice does not contain all of the terms of the proposed Settlement or all of the details of these proceedings.  For more detailed information, you are advised to refer to the underlying documents and papers on file with the Court.  This file may be inspected during the hours of each Court business day at the Office of the Clerk of the Court, United States District Courthouse, 500 Pearl Street, New York, New York, 10007.

Additionally, if you have questions about this Notice, or want additional information, you can contact Class Counsel Louis Pechman, at Berke-Weiss & Pechman LLP, 488 Madison Avenue, New York, New York, 10022, or by telephone at (212) 583-9500.