```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 09 JUL 2009
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GERALD DUCHENE, et al.,

           Plaintiffs,

  -against-

MICHAEL CETTA, INC. d/b/a SPARKS
STEAK HOUSE, and MICHAEL CETTA,

           Defendants.
------------------------------------------------------------X

06 Civ. 4576 (PAC) (GWG)

ECF CASE

*PR*

## [~~PROPOSED~~] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AND APPROVAL OF PLAINTIFFS' PROPOSED NOTICE OF SETTLEMENT

The above-captioned matter came before the Court on Plaintiffs' Motion for Preliminary Approval of Settlement and Approval of Plaintiffs' Proposed Notice of Settlement (the "Motion for Preliminary Approval") (Docket No. 102).

I. **Preliminary Approval of Settlement**

    1.    Based upon the Court's review of the plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Preliminary Approval, the Declaration of Louis Pechman ("Pechman Declaration"), the Affidavit of Norman Bromberg, and all other papers submitted in connection with plaintiffs' Motion for Preliminary Approval, the Court hereby grants preliminary approval of the settlement memorialized in the Joint Stipulation of Settlement and Release (the "Settlement Agreement"), attached to the Pechman Declaration as Exhibit H.

    2.    The Court concludes that the proposed Settlement Agreement is within the range of possible settlement approval, such that notice to the Class is appropriate. *See In re Traffic Exec. Ass'n*, 627 F.2d 631, 634 (2d Cir. 1980).

3. The Court finds that the Settlement Agreement is the result of extensive, arms' length negotiations by counsel well-versed in the prosecution and defense of wage and hour class and collective actions.

4. The Affidavit of Norman Bromberg, a wage and hour expert and former District Director of the U.S. Department of Labor's Wage and Hour Division, New York District Office, supports the fact that the Settlement Agreement is non-collusive.

## II. Class Notice

5. The Court approves the Proposed Notice of Settlement of Class Action Lawsuit and Fairness Hearing ("Notice"), which is attached as Exhibit C to the Joint Stipulation of Settlement and Release, and directs its distribution to the Class.

6. The content of the Notice fully complies with due process and Fed. R. Civ. P. 23.

7. The Notice satisfies each of these requirements and adequately puts class members on notice of the proposed settlement. *See, e.g., In re Michael Milken & Assocs. Sec. Litig.*, 150 F.R.D. 57, 60 (S.D.N.Y. 1993) (class notice "need only describe the terms of the settlement generally").

8. The Notice describes the terms of the settlement, informs the class about the allocation of attorneys' fees and Service Payments, and provides specific information regarding the date, time, and place of the final approval hearing (the "Fairness Hearing").

## III. Class Action Settlement Procedure

9. The Court hereby sets the following settlement procedure:

  a. Class Counsel shall mail the Notice to Class Members within ten (10) days of the date of this Order;

b. Class Members will have forty-five (45) days from the date the Notice is mailed to file any objections to the settlement with the Court;

c. Plaintiffs will file a Motion for Final Approval of Settlement, and submit a memorandum of law in support of Class Counsel's application for attorneys' fees and service payments at least seven (7) days before the Fairness Hearing;

d. The Court will hold a final Fairness Hearing on _Thursday, September 10, 2009 at 11:00am_ at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York, Courtroom 20C, to determine whether the proposed settlement of this case on the terms and conditions provided for in the Settlement Agreement is fair, just, reasonable, adequate and in the best interests of the class, and should be approved by the Court; and to determine the amount of attorneys' fees that should be awarded to Class Counsel;

e. If the Court grants Plaintiffs' Motion for Final Approval of Settlement, the Court will issue a Final Order and Judgment. If no party appeals the Court's Final Order and Judgment, the "Effective Date" of the settlement will be fifteen (15) days after the Court enters its Final Order and Judgment;

f. If a party appeals the Court's Final Order and Judgment, the "Effective Date" of the settlement shall be fifteen (15) days after the appeal is withdrawn or after an appellate decision affirming the final approval decision becomes final;

g. Defendants will send to Class Counsel the settlement checks, Class Counsel's attorneys' fees, and the Service Payments within fifteen (15) days of the Effective Date;

    h.    Class Counsel shall disburse these checks and payments within ten (10) days of receiving them from defendants; and

    i.    The parties shall abide by all other terms of the Settlement Agreement. *The Clerk of Court shall terminate document #102.*

It is so ORDERED this *8th* day of *July*, 2009.

*[signature]*
Honorable Paul A. Crotty
United States District Judge