```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1 0 SEP 2009
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
GERALD DUCHENE, et al.,

                    Plaintiffs,

       -against-

MICHAEL CETTA, INC. d/b/a SPARKS
STEAK HOUSE, and MICHAEL CETTA,

                    Defendants.
-------------------------------------------------------------X

06 Civ. 4576 (PAC) (GWG)

ECF CASE

## [PROPOSED] FINAL ORDER AND JUDGMENT GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT, ATTTORNEYS' FEES AND SERVICE PAYMENTS

The above-captioned matter came before the Court on plaintiffs' Motion for Final Approval of Settlement, Attorneys' Fees, and Service Payments (the "Motion for Final Approval"). (Docket No. ___).

On June 14, 2006, Gerald Duchene filed a Complaint (the "Lawsuit") alleging that defendants Michael Cetta, Inc. d/b/a Sparks Steak House and Michael Cetta (collectively, "Sparks" or "defendants") violated the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). The Lawsuit alleged that Sparks unlawfully deducted and distributed the tips of waiters to individuals at Sparks who were not "tipped employees" (*e.g.*, the Banquet Manager, Kitchen Manager, Wine Steward, appetizer expediters or kitchen "waiters," and the dessert "waiter"). The plaintiffs sought recovery of, *inter alia*, misappropriated tips, unpaid wages, the value of the "tip credit" improperly taken by Sparks, liquidated damages, and attorneys' fees and costs.

The Lawsuit was certified to proceed as a collective action under Section 216(b) of the FLSA on August 24, 2006 on behalf of waiters who were employed by Sparks at

Exhibit M

any time between June 14, 2003 and the date of final judgment (the "Collective"). On June 18, 2007, the Court granted plaintiffs' motion under Rule 23 to certify a class (the "Rule 23 Class") consisting of all persons who have worked as waiters at Sparks between June 14, 2000 and the date of final judgment in the proceeding.

In the three years since the Complaint was filed, the parties engaged in extensive discovery and litigation in this action, including exchanging thousands of documents, deposing several plaintiffs, defendants, and defendants' agents, and briefing and presenting oral argument on the class certification motion.

The parties engaged in extensive settlement negotiations, and jointly retained Norman Bromberg, former District Director of the U.S. Department of Labor's Wage and Hour Division, New York District Office, to provide an objective expert analysis of the claims. The parties also participated in a settlement conference under the supervision of Magistrate Judge Gabriel Gorenstein. In April of this year, the parties entered into a settlement agreement (the "Settlement Agreement"), which provided a fund of $3,150,000 in order to resolve the claims in this matter.

According to the Settlement Agreement, the FLSA Collective Members and the Rule 23 Class Members will be paid from the Settlement Fund, which shall be allocated between (1) damages under the NYLL for the Rule 23 Class consisting of disgorgement of money which plaintiffs contend was unlawfully diverted from the tip pool, and (2) damages under the FLSA for the FLSA opt-in plaintiffs who filed valid Consent to Sue forms, consisting of payment of the tip credit that was taken by Sparks, along with liquidated damages. The Settlement Fund will be allocated pursuant to a formula that takes into account the number of hours worked by each waiter during the FLSA and NYLL statute of limitations periods and the measures of damages available.

On July 8, 2009, the Court entered an Order preliminarily approving the Settlement and authorizing dissemination of notice (the "Notice") to the Rule 23 Class. The Notice informed Class members of their preliminary settlement amount, described the manner in which this award was computed, stated Class Counsel's intent to seek the payment of Service Payments to two named plaintiffs, and to seek attorneys' fees amounting to one third of the Settlement less the amount of any approved Service Payments, and informed the Class Members of their right to object to the Settlement.

Six individuals filed timely objections to the Settlement, three of which were withdrawn prior to the Fairness Hearing. All of the Objectors were named in the Complaint as people who should not have been included in Sparks' tip pool.

Pursuant to the Preliminary Approval Order, plaintiffs filed their Motion for Final Approval. Defendants did not oppose any portion of this motion.

The Court held a final fairness hearing on September 10, 2009 (the "Fairness Hearing").

Having considered the Motion for Final Approval, the supporting memorandum of law, the Declaration of Louis Pechman, the Affidavit of Norman Bromberg, the Affidavit of Rami Maher, the Affidavit of Carlos Ponce, the oral arguments presented at the Fairness Hearing, and the complete record in this matter, for the reasons set forth therein and stated on the record at the Fairness Hearing and for good cause shown,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. The Court hereby grants the Motion for Final Approval and finally approves the settlement as set forth in the Settlement Agreement and in this Order under Rule 23 and the FLSA. The settlement is fair, reasonable, adequate, and not a product of collusion. *See* Fed. R. Civ. P. 23(e); *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 184 (W.D.N.Y. 2005) (quoting *Joel A. v. Giuliani*, 218 F.3d 132, 138-39 (2d Cir. 2000)).

3

2. The $3,150,000 settlement amount is substantial and includes meaningful payments to Class Members. In reaching this conclusion, the Court is satisfied that the settlement was fairly and honestly negotiated. It was the result of vigorous arms-length negotiations, which were undertaken in good faith by counsel with extensive experience in litigating wage and hour class actions, and serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation. *See D'Amato v. Deutsche Bank*, 236 F.3d 78, 85 (2d Cir. 2001).

3. The parties' judgment that the settlement is fair and reasonable, as well as the Class's favorable response to the settlement, weigh in favor of final approval of the settlement.

4. The objections of Mohamed Elbeyali, Jeton Karahoda, and Fatlum Spahija are overruled as they do not provide a sufficient basis for finding that the Settlement is not fair, adequate, and reasonable. Moreover, Elbeyali and Karahoda are not members of the Class and thus lack standing to object to the settlement.

5. The Settlement shall be effective fifteen days after entry of this Order if no appeal is taken of this Order. If an appeal is taken in this matter, the effective date shall be fifteen days after the appeal is withdrawn or after an appellate decision affirming this final approval decision becomes final.

6. Upon the effective date of the settlement, each Class Member shall have released all NYLL claims asserted in this lawsuit through December 31, 2008, including all NYLL claims for misappropriated tips, unpaid wages, interest, liquidated damages, and attorneys' fees and costs related to such claims.

7. All plaintiffs who opted into the FLSA Collective forever and fully release defendants from all FLSA claims asserted in this lawsuit through December 31, 2008,

4

including all FLSA claims for unpaid minimum wages, liquidated damages, and attorneys' fees and costs related to such claims.

8.  The Court also approves the FLSA settlement and finds that it is a fair and reasonable resolution of a *bona fide* dispute reached as a result of contested litigation. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).

9.  The Court hereby grants Class Counsel's request for attorneys' fees in the amount of $1,015,000, or 32.2% of the $3,150,000 settlement fund. This amount is to be paid from the settlement fund.

10. The Court finds that the amount of fees requested is fair and reasonable using the "percentage of recovery" method, which is consistent with the trend in the Second Circuit. *See, e.g. Mohney v. Shelly's Prime Steak, Stone Crab & Oyster Bar*, 06 Civ. 4270, 2009 U.S. Dist. LEXIS 27899, at *16 (S.D.N.Y. Mar. 31, 2009); *Hicks v. Morgan Stanley & Co.*, 2005 U.S. Dist. LEXIS 24890, at *22 (S.D.N.Y. Oct. 24, 2005) ("The trend in the Second Circuit recently has been to use the percentage method.").

11. Class Counsel's request for one-third of the settlement fund, less the amount of Service Payments approved by the Court, is also consistent with the trend in the Circuit. *Mohney*, 2009 U.S. Dist. LEXIS 27899 at *16 (citations omitted).

12. The attorneys' fees requested were entirely contingent upon success in this litigation. Class Counsel expended significant time and effort and advanced costs and expenses without any guarantee of compensation.

13. The Court finds that an award of $25,000 to plaintiff Gerald Duchene and $10,000 to plaintiff Ibrahim Wakim is reasonable in light of the efforts they have expended in furthering the interests of the Class. This amount is to be paid from the settlement fund.

14. Within fifteen days of the effective date, defendants shall forward to Class Counsel settlement checks to each Class Member and plaintiff in amounts to be provided by Class Counsel, Class Counsel's attorneys' fees, and the Service Payments to Duchene and Wakim.

15. Upon the effective date of this settlement, this action shall be dismissed with prejudice.

16. The Clerk of the Court is directed to close this case without further order of this Court fifteen days after entry of this Order.

It is so ORDERED this 0th day of September, 2009.

_Paul A. Crotty_
Honorable Paul A. Crotty
United States District Judge